IN RE: PAUL GRUBB, trading and doing business as GRUBB TRANSFER CO.

156 So. 482.
Opinion Filed September 7, 1934.

*Leo P. Kitchen* and *Dan R. Schwartz,* for Petitioner.

DAVIS, C. J.—This is an application for an alternative writ of mandamus against the Florida Railroad Commission to require it to issue to relator a "for hire permit" to engage in carriage for hire of used household goods, furnishings and furniture. Chapter 14764, Laws of Florida. It is the relator's contention in this case that the issuance of a "for hire" permit, as distinguished from a certificate of public convenience and necessity, is a mandatory duty devolving upon the Railroad Commission under the statute after an applicant has duly complied with all conditions precedent entitling applicant to have such permit issued, and that therefore mandamus, and not the usual writ of certiorari this Court has held applicable, is the proper remedy in a case like the present. Florida Motor Lines, Inc., v. Railroad Commissioners, 100 Fla. 538, 129 Sou. Rep. 876.

While upon its face Section 5 of Chapter 14764, Acts of 1931, allows to the Railroad Commission no discretion or judgment as to the granting of "permits" to auto transportation companies to operate mere "for hire" service* in this state, yet other provisions of Chapter 14764, *supra,* vest in the Railroad Commission jurisdiction to determine whether or not what purports to be a mere "for hire" service will be such in law and in fact under the circumstances of the proposed operation, and therefore it is not only within the power of the Commission but is its duty to have such hearing and to make such investigation and findings as will advise it in the premises where the nature and scope of the proposed service as outlined in an application suggests some special inquiry on that score.

---

*The language of the statute is: "Upon filing of such application for permit the Commission shall issue the same as of course and without notice or public hearing, Provided, etc."

The petition for the alternative writ herein sought sets up the Commission's Order No. 683 dated August 16, 1934, denying the applicant a permit after a hearing recited as having been had before the Commission under date of July 18, 1934. The Commission after due notice set the application down for a hearing in accordance with its special rules on the subject of investigations into matters of this kind the applicability or validity of which was not contested nor objected to by relator at or prior to the hearing had on the rejected application.

Even were mandamus the appropriate remedy in an ordinary case of this kind, on the ground that certiorari is wholly inadequate to afford the plain, complete and speedy remedy to which relator conceives himself entitled under the law (a point we do not now decide), the petition for the alternative writ should disclose the entire record of the proceedings upon which the respondent Railroad Commission acted, and where it does not do so, will be deemed insufficient to warrant the issuance of an alternative writ unless the order of the Commission is upon its face asserted and shorn to be illegal or unauthorized. Mississippi Valley Barge Line Co. v. United States, *et al.,* 4 Fed. Supp. 745 (affirmed by United States Supreme Court, April 30, 1934). See Mississippi Valley Barge Line Co. v. The United States, (U. S.) 54 Sup. Ct. Rep. 692, 78, L. Ed. 1260, State v. Finley, 30 Fla. 302, 11 Sou. Rep. 500.

The Commission's order attacked in this case shows on its face that an adversary hearing was had at which there appeared and were heard third parties as protestants whose rights can only be properly considered and dealt with by dealing with the records and order of the Commission on a review by certiorari and not by mandamus.

The writ of certiorari, by removing to a reviewing court, the record of a subordinate tribunal whose order is sought

to be quashed, brings before the reviewing court all of the parties who appeared and were heard as parties to the proceeding in which the challenged order was made. Whatever legally acts upon and affects the subordinate tribunal's order as predicated upon its record, necessarily acts upon and binds the parties to such record and order *as privies* to the same. Therefore by means of the writ of certiorari only can full justice be done in a case decided by the Railroad Commission after an adversary hearing has been had and an order made that involves the rights of third parties whose rights were passed upon by the Commission pursuant to an application such as was here made, decided and denied.

The alternative writ of mandamus is denied without prejudice to the right of such relief by other appropriate remedy.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.