505 So.2d 25 (1987)
Marie-Helene KATZ, Appellant/Cross Appellee,
v.
Neil KATZ, Appellee/Cross Appellant.
No. 85-2801.
District Court of Appeal of Florida, Fourth District.
April 8, 1987.
Rehearing Denied April 27, 1987.
Cathy Jackson Lerman of Cathy Jackson Lerman, P.A., Fort Lauderdale, for appellant/cross appellee.
*26 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Richard M. Birnbaum, of Birnbaum & Beilley, P.A., for appellee/cross appellant.
PER CURIAM.
We affirm the main appeal and cross appeal. Any motion for rehearing shall be filed in seven days and any response thereto, five days thereafter, this being an expedited case.
One subject compels our observation; namely, our concern for the size of attorney's fees and accounting fees in relation to the total assets of parties engaged in contested dissolution proceedings.
At oral argument counsel for the husband candidly responded to our inquiry with respect to the relationship between such fees and these parties' assets. His frustration seemed to be that shared by the panel in this case when he advised that he estimated all trial and appellate attorney fees, together with trial accounting fees, to exceed 50% of the parties' assets.
It is the responsibility of the marital bar and the bench at trial and appellate levels to be mindful of unnecessary expense in the litigation of contested dissolution matters, as any other. This type of case must be tried and reviewed quickly, without needless and wasted motion. Without responsible direction, not only will the parties  who are represented  have their assets dissipated without good cause, but also their innocent, unrepresented children will see their opportunity for higher education vanish in a nightmarish plethora of motions, transcripts and time sheets.
We urge the Family Law Section of The Florida Bar and the Florida Chapter of the American Academy of Matrimonial Lawyers to consider our concerns. Equally important, we remind ourselves and all trial judges in our district that we are in a position to act upon what a senior member of the Broward County Bar has noted on his door for over sixty years; namely, that it is not how many hours one puts in, but what one puts into the hours.
What reasonable parties, having spent years accumulating assets while fulfilling the responsibilities of spouse and parent, would knowingly undertake a contested dissolution if they knew  as they should  that any appreciable percentage of those assets would not be available to them or their children because of their own contrariness  or that of their lawyers?
GLICKSTEIN, J., and GOLDMAN, MURRAY, Associate Judge, concur.
LETTS, J., concurs specially with opinion.
LETTS, Judge, specially concurring.
I concur in the affirmance of the main appeal and the cross appeal, but specially concur as to the balance of the opinion.
While the estimate of net worth of this marital estate varies somewhat, it is safe to say that it exceeds $650,000. That being so, I too am most concerned that the fees will apparently be more than $325,000. On the other hand, the large amount of attorneys' and accountants' fees are not an issue on appeal. Sometimes warring spouses will go to any lengths to destroy each other's assets. For example, in this very case, a $350,000 to $400,000 equity in the marital residence has been put in peril by foreclosure.