538 So.2d 892 (1989)
Richard L. KURTZ, Petitioner,
v.
Elke M. KURTZ, Respondent.
No. 88-3023.
District Court of Appeal of Florida, Fourth District.
January 11, 1989.
Rehearing Denied March 15, 1989.
*893 Gerald Mager and Kimberly Hall Doyle of Hatch Mager Casey & Beilly, Fort Lauderdale, for petitioner.
G. Ware Cornell, Jr., of G. Ware Cornell, Jr., P.A., Fort Lauderdale, for respondent.
ANSTEAD, Judge.
This is a petition for writ of certiorari in which a former husband challenges a postdissolution order which, by application of local administrative order, defers judicial consideration of his motion for contempt and a visitation schedule, pending family mediation. We deny the petition and grant the respondent former wife's motion for attorney's fees, but remand to the trial court for a determination of need and ability to pay.
On November 17, 1983, the trial court entered a final judgment of dissolution of marriage, incorporating a marital agreement which awarded the wife custody of the three children of the marriage, and giving the husband "reasonable rights of visitation to and with the children." In October of 1988, the husband filed a motion for contempt in which he alleged that the wife prevented him from having visitation with his son because she did not like a settlement offer proposed by him in post-judgment support modification proceedings. He sought an order adjudicating the wife in contempt of court. The husband also filed a motion to establish a visitation *894 schedule. The trial court entered an order staying proceedings on both motions pending compliance with two administrative orders. One order is Administrative Order 2.03.15, which calls for family mediation of all domestic post-judgment matters involving custody or visitation disputes prior to the scheduling of hearings in court. The other order is Administrative Order 2.03.16, which calls for referral to family mediation by motion or sua sponte where issues of primary residence, custody or visitation are contested. The husband moved for clarification, which motion was denied, resulting in the filing of the instant petition for writ of certiorari.
The husband argues that in entering the order deferring ruling on his motions for contempt and visitation, pending family mediation, the trial court exceeded its jurisdiction and deprived him of his constitutional right to a court hearing. He also challenges the two administrative orders on which the trial court relied, arguing that they are unconstitutional to the extent that they include mediation on contempt matters, depriving him of the right to access to the courts. Finally, he alleges that the administrative orders as applied constituted illegal delegations of judicial functions and responsibilities to mediators. We reject each of these contentions.
Florida Rule of Civil Procedure 1.740 expressly authorizes the trial court to refer parental responsibility issues to family mediators. Mediation under this rule is intended to expedite matters involving issues of parental responsibility. Rule 2.050 of the Florida Rules of Judicial Administration authorizes local rules and administrative orders on matters of court concern. In accordance with these rules, the chief judge of the Broward Circuit Court entered two administrative orders on family mediation which are involved here. Administrative Order 2.03.15, entered October 8, 1987, provides in part:
All domestic post-judgment matters involving custody or visitation disputes shall be referred to the family mediation program prior to scheduling any hearings before the judge to whom the matter is assigned.
Administrative Order 2.03.16, entered April 8, 1988, provides in part:
As soon as it becomes apparent that the primary residence, custody or visitation will be contested, the parties shall apply to the presiding judge for immediate referral to such matters for mediation by the Broward County Family Mediation and Conciliation Program or by an approved mediator from either list of approved family mediators. The presiding judge may make such referral at any time on the court's own motion.
Thus it appears that the trial court's order was within the jurisdiction and authority provided under rules established by the Florida Supreme Court and the Broward Circuit Court. Even though one of the motions was framed as a motion for contempt, both motions involved the husband's visitation rights, and were intended for family mediation under these orders.
We believe the husband's constitutional claims are similarly without merit. Contrary to his arguments, the trial court order referring the case to family mediation did not divest the husband of his right to be heard in court on his two pending motions, a constitutional right to which he cites article I, section 21 of the Florida Constitution guaranteeing access to the courts. The order merely defers ruling on his motion until after family mediation. At most, the husband will suffer a temporary delay of court proceedings in the interest of a mediated settlement. Surely this does not rise to the level of a denial of a constitutional right as contemplated by article I, section 21.
The same is true of the husband's claim that the trial court order violates article V of the Florida Constitution as an illegal delegation of judicial responsibility to a nonjudicial entity, i.e., a family mediator. The order on review does not send the motions for visitation and contempt to family mediation for review and rulings. These issues will remain for hearing before the trial court, after mediation, if the parties fail to reach agreement. Mediation is *895 not a binding court proceeding. If it is unsuccessful, the parties return to court for further proceedings. This distinguishes the process from matters involving general or special masters, in which nonjudicial officers make findings of fact, conclusions of law and recommended dispositions, and which the husband refers to in his arguments and case citations.
The wife has moved for attorney's fees pursuant to section 61.16, Florida Statutes, which entitles a party to attorney's fees for defending any domestic proceeding, including enforcement and modification proceedings. We are without an evidentiary basis to award fees in this case, however. We, therefore, provisionally grant the motion and remand to the trial court for assessment of the amount of such fees based on need and ability to pay. Ludemann v. Ludemann, 317 So.2d 860 (Fla. 4th DCA 1975).
Petitioner has failed to demonstrate a departure from the essential requirements of law. Therefore, we deny the petition for writ of certiorari.
LETTS and DELL, JJ., concur.