560 So.2d 293 (1990)
Howard KASS, Appellant,
v.
Jennifer KASS, Appellee.
Nos. 89-2076, 89-2341.
District Court of Appeal of Florida, Fourth District.
April 18, 1990.
Rehearing Denied June 5, 1990.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, and Maurice J. Kutner of Maurice J. Kutner, P.A., Miami, for appellant.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, *294 Francis D. O'Connor of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, and S. Robert Zimmerman, Pompano Beach, for appellee.
POLEN, Judge.
We affirm the trial court's award of $64,700 as a reasonable temporary attorney's fee to the wife, along with accounting fees of $3,950 and an expert witness fee of $1,250. However, we write further to respond to some of the points raised by the husband/appellant, to avoid any possible misinterpretation in other cases, and to address our own concerns generated by this litigation.
Appellant's second point on appeal questions the propriety of an award of attorneys' fees for representation of the wife in the two "companion lawsuits," one of which has been consolidated with the main dissolution proceeding. Generally, the trial court has no authority to award attorneys' fees in other suits involving a spouse's interests, which do not fall within the purview of section 61.16, Florida Statutes (1987). Here there was testimony, which the trial court noted in its final order, as to the services of S. Robert Zimmerman, Esq., and Richard Kirsch, Esq., as pertains to the "non-dissolution" lawsuits. However, these non-Chapter 61 proceedings clearly involve entities which are wholly-owned and controlled by the husband, and are so intertwined with the dissolution litigation, that the trial court may have properly determined all three cases were part and parcel of the domestic strife begun in Kass v. Kass, circuit court case No. 87-30581 CS.
We find no error in the court's ultimate award of $64,700 as reasonable temporary attorney's fees in the dissolution action. This figure was within the perimeters of the expert witnesses' testimony. In that the husband testified that he had incurred a liability of almost $87,000 in attorneys' fees, we find no abuse of discretion for the trial court to award $64,700 as interim attorney's fees to the wife, who has no assets or income of her own. Keister v. Keister, 458 So.2d 32 (Fla. 4th DCA 1985).
This is not to say that this court is putting its imprimatur on the extent of litigation that we perceive from the record before us. The record clearly demonstrates a case which, at least in this writer's view, has been overlitigated to the point of absurdity, considering the length of the marriage and the issues involved. It may be a worn-out exercise in oversimplification for any court, be it trial court or appellate, to entreat parties to "resolve your differences and settle the case." Nonetheless, we must hasten to point out to the parties that which they must surely already know; that if this litigation continues at its present pace, not only their entire marital estate, whatever that may be, but perhaps their parents' estates as well, may be consumed by the cost of this litigation. Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987).
DOWNEY and LETTS, JJ., concur.