576 So.2d 308 (1990)
Eileen ROSEN, Appellant,
v.
Gene ROSEN, Appellee.
No. 88-1221.
District Court of Appeal of Florida, Third District.
October 23, 1990.
Rehearing Denied January 3, 1991.
*309 Fine Jacobson Schwartz Nash Block & England and Arthur J. England, Jr., and Paul R. Lipton and Charles M. Auslander, Miami, for appellant.
Genet & Milner and Donald G. Criscuolo, North Miami Beach, for appellee.
Before NESBITT and FERGUSON, JJ., and LETTS, GAVIN K., Associate Judge.

ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
After a thorough examination of the record, we find insufficient evidence to support the mother's claim that the trial court abused its discretion in restoring the father's overnight visitation privileges with his ten and thirteen-year-old daughters. There is not a scintilla of competent evidence that the children were abused physically or mentally while in the father's care and control. Whether other conduct of the father had an adverse impact on the children was a question for the trier of fact. See Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975).
A recognized principle is that restrictions on child-visitation privileges are disfavored. Yandell v. Yandell, 39 So.2d 554 (Fla. 1949). Further, the trial court is vested with wide discretion to determine whether to modify visitation privileges contained in a judgment dissolving a marriage. Appellate court review of the court's exercise of discretion is limited in such cases. Floyd v. Floyd, 393 So.2d 22 (Fla. 2d DCA 1981). There is no abuse of discretion where the discretion is exercised within the limits of recognized principles of law and equity and is supported by the record. See Purvis v. Carver, 326 So.2d 40 (Fla. 4th DCA 1976) (order enlarging visitation privileges reversed where there was no proof that the visitation increase would be in the child's best interest).
That part of the supplemental final judgment on review which holds Mrs. Rosen "responsible for all bills incurred with Dr. Greenbaum after March 4, 1987" constitutes an abuse of discretion. The order of March 4, 1987, recognized the need of one of the children for continued psychological treatment, and that the treatment was being provided by Dr. Richard Greenbaum. The requirement in the order that both parties "confer with each other as to major decisions affecting the children" cannot fairly be interpreted as a command to terminate the services of Dr. Greenbaum on that same date. The history of a hostile relationship between the parties was a reliable indication that they were not likely to agree that Dr. Greenbaum should be replaced.
Mr. Rosen sought no relief from the court for a change of psychologist prior to filing the motion which spawned the judgment on review wherein the trial court ordered that Dr. Greenbaum's services be terminated and that the treatment be provided by another therapist, Diane V. Lillesand. Therefore, the costs of professional services reasonably provided by Dr. Greenbaum shall remain the responsibility of Mr. Rosen until the legal challenge to the services becomes final. See Wilson v. Clark, 414 So.2d 526 (Fla. 1st DCA 1982) (an action remains pending until a final determination on appeal).[1]
In light of our determination that there was no improper action by Mrs. Rosen in continuing the child's treatment under Dr. Greenbaum, we reverse that part of the final judgment which, as a penalty, makes Mrs. Rosen ninety-percent responsible for the costs of court-ordered family counseling by the newly appointed psychologist. The cost of sessions with the new counselor must be fully borne by Mr. Rosen pursuant to the final judgment dissolving the marriage.
*310 There is no allegation or showing of a change in circumstances subsequent to the earlier finding that Mr. Rosen has the ability to pay reasonable attorney's fees and Mrs. Rosen does not. Although Mrs. Rosen failed to prove child abuse by the father as a reason for modifying visitation rights, it cannot be said that the motion was otherwise baseless so as to defeat her entitlement to fees. See Travieso v. Travieso, 447 So.2d 940 (Fla. 3d DCA 1984) (court erred in awarding fees on grounds that modification petition was baseless where petition was not so clearly devoid of merit as to be completely untenable), quashed in part on other grounds, 474 So.2d 1184 (Fla. 1985). The award of fees to Mr. Rosen and the denial of the mother's petition for attorney's fees are reversed.
The remaining issues are without merit, are not reachable in this appeal,[2] or have been previously decided by this court.[3]
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
NESBITT and FERGUSON, JJ., concur.
GAVIN K. LETTS, Associate Judge (concurring in part, dissenting in part).
I concur in the clarified opinion except that I dissent as to the reversals of the attorney's fee awards.
NOTES
[1] On May 23, 1988, this court stayed the supplemental final judgment and on June 2, 1988, ordered that the cause be treated as an appeal from a non-final order.
[2] In a footnote, appellant requested that this court disqualify the trial court in the event of a reversal and remand. Our attention is directed to parts of the judgment where the court, allegedly, makes unsubstantiated and biased findings that the mother is vindictive and has greatly harmed the children. On the disqualification point we hold that a suggestion for disqualification must be presented to the trial court by a timely motion which is supported by a legally sufficient affidavit. See § 38.02, Fla. Stat. (1989); Fla.R.Civ.P. 1.432.
[3] A separate issue raised, obliquely, by those same findings and remedial provisions, was presented in Schutz v. Schutz, 522 So.2d 874 (Fla. 3d DCA), rev. granted, No. 72,471, (Fla. Sept. 6, 1988): Whether a court may constitutionally impose an affirmative obligation upon the custodial parent to encourage and nurture the relationship between the children and the noncustodial parent. A panel of this court held in Schutz, the late Judge Hendry dissenting, that the trial court properly ordered the mother to do so.