POLEN, Judge,
specially concurring.
I write separately to note, or perhaps to join with the majority, in expressing my frustration over the often-asked question in appellate proceedings: “Why are we here?” Let me begin by stating I concur fully with the result reached by the majority. However, without intending to impose directions to the trial court on remand, I am concerned as to what inferences Judge Broome will take from this reversal. My perception is that the appellant/former husband, although losing a couple of skirmishes, nonetheless won the battle of the division of marital assets. My calculation of the division of marital assets, notwithstanding the errors which we hereby reverse, was $243,211 or 52.2% for the former husband and $222,516, or 47.8% for the former wife.
Regrettably, this analysis was not provided by either counsel. Now it seems that appellant is about to snatch defeat from the jaws of victory. Having determined that the trial judge erred in two aspects of her determination and equitable distribution of the marital assets, in part because of a change in the burden of proof concerning donative intent vis-a-vis section 61.075, Florida Statutes (1989), we cannot say the appellant will fare as well on remand. The majority notes, and I agree, that the original distribution of assets was fair. Since our directions on remand are simply that the trial court revisit the equitable distribution in light of the two legal points on which we reverse, I do not believe the court is precluded from awarding appellant the same, or even less, and still have a fair division of assets. (I certainly do not intend for this concurrence to encourage Judge Broome to so rule.)
All of this brings me to the same point the majority opinion seems to be addressing where it refers to the “plunging estate occasioned by the parties’ war.” See Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987). *149 Litigation, and particularly appellate litigation, does not come free. Even where the price in dollars may be nominal vis-a-vis the parties’ financial position — not the case here — it also extracts an emotional fee from the litigants and expends precious time and resources of the judiciary. We are loath to speculate on the motivations of the combatants in these proceedings. (It is fortunate, indeed, that we do not have minor children caught up as innocent victims of this particular war.) It is possible, I suppose, that appellant surmised a successful attack on one or more of the issues raised would lead to a more beneficial economic outcome for him. Perhaps that may yet occur. Perhaps there are other considerations not revealed to us through these proceedings. Still, it seems to me the unfortunate aspect of this case, to use the majority’s description, is the considerable expenditure of resources, with little, if any, benefit to either of the parties concerned.