602 So.2d 956 (1992)
PYSZKA, KESSLER, MASSEY, WELDON, CATRI, HOLTON & DOUBERLEY, P.A., Petitioner,
v.
Claudia MULLIN, Respondent.
No. 91-1758.
District Court of Appeal of Florida, Third District.
July 14, 1992.
*957 Elser, Greene & Hodor and Cynthia L. Greene, Miami, for petitioner.
Susan R. Cohen, Nancy Schleifer, Miami, for respondent.
Before BASKIN, JORGENSON and LEVY, JJ.

ON HUSBAND'S MOTION FOR REHEARING ON ATTORNEY'S FEES
BASKIN, Judge.
We deny John Mullin's motion for rehearing of this court's order awarding attorney's fees to his wife, Claudia Mullin. The facts of this case are set forth in Pyszka, Kessler, Massey, Weldon, Catri, Holton and Douberley, R.A. v. Mullin, 602 So.2d at 955, where this court granted certiorari review of an order denying John Mullin's law firm's motion for a protective order in the Mullins' dissolution of marriage action;[1] we ruled in favor of the firm. Claudia Mullin had filed a response to the petition for certiorari in compliance with this court's order. Fla.R.App.P. 9.100(f). Subsequently, she filed a motion for attorney's fees in this court. We granted her motion and remanded the cause to the trial court. Chertoff v. Chertoff, 553 So.2d 179 (Fla. 3d DCA 1989); Henning v. Henning, 507 So.2d 164 (Fla. 3d DCA 1987). John Mullin asks us to reconsider our ruling.
First, he contends that he was not a party to the certiorari proceeding and should not be compelled to pay the fee. We disagree. Although the petitioner law firm did not name the husband as a respondent in the petition caption, that omission does not conclude the matter. The caption is not dispositive of the husband's status in the certiorari proceeding: substantive law determines whether the husband may be named as a proper party respondent. See Buchanan v. City of Winter Park, 226 So.2d 860, 863 (Fla. 4th DCA 1969). "The writ of certiorari, by removing to a reviewing court, the record of a subordinate tribunal whose order is sought to be quashed, brings before the reviewing court all of the parties who appeared and were heard as parties to the proceeding in which the challenged order was made." In re Grubb, 116 Fla. 387, 389, 156 So. 482, 483 (1934); State Beverage Dept. v. Willis, 159 Fla. 698, 700, 32 So.2d 580, 582 (1947); see Brigham v. Dade County, 305 So.2d 756 (Fla. 1974); De Groot v. Sheffield, 95 So.2d 912, 915-916 (Fla. 1957); Orlando Trans. Co. v. Florida R.R. & Pub. Util. Comm'n, 160 Fla. 795, 809, 37 So.2d 321, 329 (1948); Atlantic Coast Line R. Co. v. Florida Fine Fruit Co., 93 Fla. 161, 166, 112 So. 66, 68 (1927); cf. Battaglia Fruit Co. v. City of Maitland, 530 So.2d 940 (Fla. 5th DCA) (where city did not appear before zoning board it did not have standing to file certiorari petition in circuit court), cause dismissed, 537 So.2d 568 (Fla. 1988). Because the husband is a party to the dissolution action that engendered the order on review, he is within the jurisdiction of this court.[2]See In re Grubb, 116 Fla. at 389-390, 156 So. at 484.
As to the award of attorney's fees, the husband asserts that section 61.16, Florida Statutes (1991), is inapplicable to this proceeding. We disagree. Section 61.16 endeavors to prevent a party's inferior financial status from limiting the quality of that party's legal representation in a dissolution action. Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 835 (Fla. 1990); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). "The purpose of section 61.16 ... is to ensure that both parties ... have similar access to counsel and can thus fight the action on a nearly equal footing." Robbie v. Robbie, 591 So.2d 1006, 1009 (Fla. 4th DCA 1992). Those policy reasons are pertinent to this proceeding. Because the certiorari petition was filed to obtain review of an order entered in the dissolution action, see De Groot, 95 So.2d at 916 ("It is clear that certiorari is in the nature of an appellate process."), certiorari review does not constitute a non-chapter 61 proceeding. The wife is entitled to attorney fees in such review proceedings. Kurtz v. Kurtz, 538 So.2d 892 *958 (Fla. 4th DCA 1989); see Sierra v. Sierra, 505 So.2d 432 (Fla. 1987). Consequently, the denial of a fee award on that basis is without merit. Compare Battista v. Battista, 585 So.2d 459 (Fla. 1st DCA 1991); Berger v. Berger, 573 So.2d 952 (Fla. 4th DCA 1991) with Kass v. Kass, 560 So.2d 293 (Fla. 4th DCA 1990).
Contrary to the husband's assertions, the wife's failure to prevail in the certiorari proceeding does not preclude a fee award. The prevailing party standard does not govern in determining whether the court may award an attorney fee to a party in a dissolution action. Rosen v. Rosen, 576 So.2d 308 (Fla. 3d DCA 1990); Chertoff, 553 So.2d at 180; Travieso v. Travieso, 447 So.2d 940 (Fla. 3d DCA 1984), quashed in part on other grounds, 474 So.2d 1184 (Fla. 1985); Mulford v. Sullivan, 560 So.2d 1364, 1366 (Fla. 1st DCA 1990); see Sierra, 505 So.2d at 432; Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241, 1243 (Fla. 1986). Instead, "[o]ur case law implementing [section 61.16] requires a judge to consider the needs of the party seeking a fee and the financial resources of the parties to assure that both parties received adequate representation." Quanstrom, 555 So.2d at 835; Canakaris v. Canakaris, 382 So.2d at 1197.
Finally, the husband's argument that the fee award should be denied as a consequence of the wife's litigiousness is without merit. The record fails to demonstrate that the wife engaged in baseless litigation and incurred unnecessary expense in seeking discovery to determine her husband's interest in the law firm or in complying with this court's order to file a response to the petition. See Eisner v. Markovich, 585 So.2d 312 (Fla. 3d DCA 1991); Elenewski v. Elenewski, 528 So.2d 1354 (Fla. 3d DCA 1988); Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA 1988); Sutter v. Sutter, 578 So.2d 788 (Fla. 4th DCA 1991) and cited cases.
Accordingly, we deny the husband's motion for rehearing.
JORGENSON, J., concurs.
LEVY, Judge (dissenting).
I respectfully dissent. This court's order, filed February 7, 1992, which granted the respondent's motion for an award of attorney fees in connection with these proceedings, should be vacated.
Clearly, under the facts of this case, and consistent with the case law of this state, the husband is not liable for any appellate fees incurred by the respondent in connection with these certiorari proceedings. The reasoning supporting this conclusion is correctly set forth by the husband's counsel in the "Husband's Motion for Rehearing" wherein it states, in pertinent part, as follows:
In August of 1991, the respondent, Claudia Mullin, filed a petition for dissolution of her marriage to John C. Mullin, Jr. Approximately four months prior to the filing of the dissolution proceeding, the husband became a non-equity "partner" in the law firm of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., which was the petitioner in the appeal which gave rise to the order which forms the subject matter of this motion.
The appeal arose because the respondent caused a subpoena to be issued to the law firm, which employs the husband. The subpoena in question purported to seek documents the respondent maintained were necessary to determine the husband's "partnership" status with the petitioner and to verify his income, despite the fact that the husband had produced all income-related documents in his possession, that the husband had testified as to his income and non-equity status, that the law firm filed affidavits setting forth the terms of the agreement between the law firm and the husband with regard to his remuneration and non-equity status, that the law firm had produced payroll ledgers regarding the husband, that the law firm affirmatively demonstrated that the husband owned no shares in the law firm and that there was no written `partnership agreement' between the law firm and the husband. The law firm also offered to make available for inspection year-to-end financial statements regarding the firm. However, the respondent declined to accept that *959 offer. The law firm then appealed the trial court's denial of the law firm's motion for protective order regarding the documents which it maintained did not directly pertain to the husband or were otherwise privileged and private and the law firm field a writ of certiorari. The husband did not join in the appeal or petition for writ of certiorari.
The petition for certiorari herein was granted and the petitioner prevailed with respect to its claim that its rights were violated by the trial court's order. This court ruled that the respondent was only entitled to those documents which the petitioner had offered for inspection or copying prior to its filing of the writ of certiorari.
The husband in the dissolution of marriage proceedings below, John C. Mullin, Jr., was not a party to the certiorari proceedings. Simply stated, the husband had absolutely nothing to do with the proceedings in this court and had done everything in his power to demonstrate that he was not an equity or owner partner in the law firm and to demonstrate, by way of production of his paycheck stubs, bank account records and tax returns, including W-2 forms, his income during all pertinent time periods.
Despite the foregoing facts, the respondent filed a "motion for attorneys' fees" against the husband, and this court granted the respondent's motion and has remanded this matter to the trial court for the assessment of award of attorneys' fees against the husband for the services of the wife's attorney rendered in this court.
The husband submits that this court's award of attorneys' fees against him with respect to a matter in which he was not a party and in which he was not involved in any way and in which he did not participate in any way, other than observing oral arguments, is contrary to law and violates his rights to due process.
It is established law that attorneys' fees may not be awarded by this court unless specifically authorized by statute. The wife's "motion for attorneys' fees" was premised upon Section 61.16, Florida Statutes (1991), which reads:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount of attorneys' fees, suit money and that costs to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. (emphasis applied)
As the foregoing makes clear, the statutory authority upon which the wife sought an award of attorneys' fees requires that the person from whom the award of attorneys' fees is sought be a party to the action. Here, the husband was not a party to the action before this court.
The husband also respectfully submits that this court has no jurisdiction over the husband to award attorneys' fees against him in favor of the respondent, since he is not a party to this action and the law firm is not an entity owned or controlled by the husband. Nor is the law firm so intertwined with the dissolution litigation so as to empower this court to impose attorneys' fees against the non-party husband pursuant to Section 61.16, Florida Statutes. Cf. Kass v. Kass, 560 So.2d 293 (Fla. 4th DCA 1990).
In Johnson v. Schneegold, 419 So.2d 684 (Fla. 2d DCA 1982) the appellee, Schneegold, brought a suit as the personal representative of the estate of his minor child and on behalf of the child's survivors (the child's parents) to recover damages for medical malpractice resulting in the child's death. The jury returned a verdict for the defendants and the defendants sought to tax costs against the survivors individually, but the trial judge awarded costs only against the personal representative. The defendant appealed, arguing that costs were taxable against the unsuccessful beneficiaries of a cause of action for the wrongful death of a minor. The District Court disagreed, holding that there was no authority for the award of costs against persons who were not "actually parties to that action." See also Puig v. *960 Saga Corp., 543 So.2d 238 (Fla. 3d DCA 1989); Meyer v. Scutieri, 539 So.2d 602 (Fla. 3d DCA 1989); Dade County v. Grossman, 354 So.2d 131 (Fla. 3d DCA 1978).
The husband submits that the award of attorneys' fees against him in this action is improper because he had no ability to prevent his employer from pursuing an action to protect itself and, therefore, he should not now be held liable for the wife's expenses in defending against an action (which she lost) over which he had no control.
Even if the husband were a party to the certiorari proceedings, the wife would not be entitled to attorneys' fees because she in no way "prevailed" since this court ruled that the respondent was entitled only to those very documents that the law firm had agreed to produce or make available for inspection. The husband acknowledges that, if he were a party to this appeal, this court would have authority, pursuant to Section 61.16, Florida Statutes (1991) to award attorneys' fees in connection with the appeal. However, even if the husband had been a party to this appeal, an award of attorneys' fees in favor of the wife would be erroneous and contrary to existing Florida law because the respondent failed to make a prima facie demonstration that she had reasonable grounds to believe that she would prevail in the appeal and her motion for attorneys' fees contains absolutely no representation or showing of good faith. Boyer v. Boyer, 588 So.2d 615 (Fla. 5th DCA 1991); Miller v. Miller, 586 So.2d 1315 (Fla. 5th DCA 1991), citing, Phifer v. Phifer, 124 Fla. 223, 168 So. 9 (1936); Troeger v. Troeger, 127 Fla. 53, 172 So. 473 (1937). Cf. Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977). See also Sierra v. Sierra, 505 So.2d 432 (Fla. 1987).
Not only was there no representation on showing of good faith by the respondent, the record on appeal amply demonstrates that the respondent's overly broad, invasive and harassing discovery tactics with regard to the husband's employer were intended, at least in part, to pressure the husband into settling. (R-17, R-133). Such perversion of the discovery process should not be rewarded by assessing fees in favor of the respondent, even if the husband had been a party to this appeal, which he was not. To award the respondent appellate fees under the circumstances presented in this case would be tantamount to encouraging the perverse "discovery" tactics engaged by the respondent and would open the doors to the type of utter economic waste and unwarranted delay which has occurred in this dissolution proceeding.
This is particularly true where the record amply reflects that the law firm offered to make available to the wife, prior to the appeal, the very documents this court permitted the respondent to obtain or review. The instant case involves the dissolution of a marriage in which the husband was made a non-equity partner approximately four months prior to the filing of the dissolution petition and in which the marital liabilities greatly exceed the marital assets. This not a case like Thompson in which the joint assets exceeded 2 million dollars and where there was no question that the husband had a substantial, if not controlling, interest in the law firm. Cf. Thompson v. Thompson, 576 So.2d 267 (Fla. 1991). Simply stated, the whole appeal has been a waste of judicial effort and a waste of marital and/or non-marital assets, and is in direct contravention of the mandate set forth in Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987).
As noted in Kass v. Kass, 560 So.2d 293 (Fla. 4th DCA 1990), "[g]enerally the trial court has no authority to award attorneys' fees in other suits involving a spouse's interest which do not fall within the purview of Section 61.16, Florida Statutes (1987)."
The Fourth District Court of Appeal, however, went on to approve the award of attorneys' fees to the wife in Kass based upon the specific finding that:
these non-Chapter 61 proceedings clearly involve entities which are wholly-owned and controlled by the husband, and are so intertwined with the dissolution litigation, that the trial court may have properly determined all three cases were part and parcel of the domestic strife begin in [the dissolution case].
*961 That is not the same as the facts that we face in this case. Here, the litigation involving the petitioner's billing records that formed the basis of the non-dissolution case (to-wit: this certiorari proceeding) is not intertwined with, or part and parcel of, the dissolution case. That is inherent in the reasoning that this court used in granting certiorari in the first place. The petitioner prevailed in the certiorari proceedings because it was obvious from the record that the husband did not own, control, or have an equity interest in the petitioner  law firm. Clearly, the husband does not satisfy any of the factors described in Kass. Accordingly, it would be patently unfair to require the husband to pay for the respondent's attorneys' fees in this unrelated case, especially when one considers:
1. The husband played no part in this litigation.
2. The husband was completely unable to avoid, limit, or end this litigation.
3. This litigation was engendered solely because the respondent wrongfully (as determined by this Court granting Certiorari) persisted in trying to obtain materials that she clearly was not legally entitled to obtain.
In addition, after granting certiorari in this case for the reasons set forth in the opinion filed December 24, 1991, it would appear to be totally inconsistent to now hold the husband liable for the respondent's attorneys' fees. Kass v. Kass, 560 So.2d at 294.
Accordingly, I believe that this court's order of February 7, 1992, should be vacated with an order being entered denying the respondent's request for attorneys' fees in this case.
NOTES
[1] The husband had filed an objection in response to the wife's notice of production from the law firm's records custodian.
[2] The husband does not contend that he was without notice of the proceeding or the wife's motion for fees.