616 So.2d 623 (1993)
Harvey and Barbara KLEIN, Appellants,
v.
FEDERATED BUILDERS, INC., and Howard Kass, Jennifer Kass, et al., Appellees.
No. 92-3007.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Harvey Klein and Barbara Klein, pro se.
Harry G. Carratt, Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellees Morgan, Carratt and O'Connor, P.A.
POLEN, Judge.
Affirmed. This appeal represents yet another "spin off" from the voluminous litigation generated by the dissolution of marriage proceedings between Howard Kass and Jennifer Kass. The various proceedings led to no less than eighteen appeals, petitions for certiorari, and other miscellaneous appellate files.[1]
Here the appellants are Harvey and Barbara Klein, the parents of Jennifer Kass, residents of Houston, Texas. The appellee is the law firm of Morgan, Carratt, and O'Connor (the O'Connor firm) of Ft. Lauderdale, of which firm Francis O'Connor, Esq., and others were former counsel for *624 Jennifer Kass in the dissolution case(s). This matter began in the trial court as a mortgage foreclosure proceeding against the Kasses by Federated Builders, Inc. (Federated), a mortgagee on real property owned by the Kasses. Federated brought in the O'Connor firm as a party defendant because the latter had a recorded judgment against Howard Kass for attorney's fees in the dissolution case(s). The O'Connor firm, in turn, filed a cross-claim against Jennifer Kass, and a third party complaint against appellants, the Kleins.
The third party complaint contained counts for open account, account stated, a claim on a promissory note signed by the Kleins for $48,889.85, a count for quantum meruit, and a claim for breach of contract. Including the principal on the note, the law firm's various claims against the Kleins were for attorney's fees incurred on behalf of Jennifer Kass, their daughter, in the amount of $83,641.94.[2]
Appellants moved to quash service of process on them (in Texas) and to dismiss the complaint for lack of personal jurisdiction. They claimed the third party complaint was deficient as to allegations which would satisfy Florida's long arm statute, section 48.193, Florida Statutes (1989), and that the Kleins did not have sufficient minimum contacts with Florida as would satisfy constitutional due process requirements. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Appellants correctly identify Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989), as being the pivotal case upon which such determinations rest. However, they fail in their attempt to demonstrate that Venetian Salami mandates reversal. The supreme court in Venetian Salami held that there is a two-prong test: (1) determination of sufficient minimum contacts to satisfy federal constitutional due process requirements, which is separate and apart from (2) the determination of whether Florida's long arm statute applies. Further, the minimum contacts analysis depends on the facts of each case.
To be sure, the easier question to answer is whether the third party complaint contains sufficient allegations to invoke section 48.193. It does. The O'Connor firm alleged that pursuant to their representation of Jennifer Kass in the Florida dissolution of marriage proceeding, her parents, the Kleins, were co-signers of a promissory note in the principal amount of $48,889.85. Further, the note called for payment due in Ft. Lauderdale, Florida on or before January 15, 1990. It was clear that Jennifer Kass' dissolution case was to be a Florida proceeding, represented by Florida lawyers, whose fees the Kleins agreed to pay.
In appellants' affidavit in support of their motion to quash and dismiss, and the attachments to the affidavit, it is revealed that the Kleins had numerous telephone conferences with the O'Connor firm concerning the progress of the Kass dissolution proceedings. Although appellants contend it was their intention that their son-in-law, Howard Kass, would ultimately pay Jennifer's legal fees, this does not negate their co-signing the note. At best, it would be a matter of denial and/or affirmative defenses. The complaint clearly states a basis for exercise of long arm jurisdiction.
The affidavit filed on behalf of appellee law firm alleges the Kleins' guarantee of payment of Jennifer's legal fees, the payment on the promissory note due in Ft. Lauderdale, Florida, and that the Kleins had failed to pay. Appellee further notes that the Kleins' own affidavit points out their continuous involvement in their daughter's Florida dissolution proceedings. *625 These factors are enough to support the second prong of the Venetian Salami analysis  that the Kleins' dealings with their daughter's Florida divorce lawyers, and the Florida litigation, establishes sufficient minimum contacts with Florida to meet federal constitutional due process requirements.
We affirm.
HERSEY and FARMER, JJ., concur.
NOTES
[1] Case Nos. 88-1757, 88-1760, 89-2076, 89-2341, 89-2796, 89-3117, 90-0213, 90-0939, 90-2717, 91-0080, 91-1337, 91-2973, 92-0256, 92-0592, 92-1030, 92-1522, 92-2039, and 92-2592.
[2] In that this court was involved in all of the Kass appeals, and I wrote the opinion in Kass v. Kass, 560 So.2d 293 (Fla. 4th DCA 1990), I suspect this amount is a "drop in the bucket" when compared to the total fees charged in that litigation. Further, my opinion in Kass recognized the involvement of both Jennifer's and Howard's parents in the litigation.

Nonetheless, we must hasten to point out to the parties that which they must surely already know; that if this litigation continues at its present pace, not only their entire marital estate, whatever that may be, but perhaps their parents' estates as well, may be consumed by the cost of this litigation. Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987).
Id. at 294.