713 So.2d 1025 (1998)
George LEVY, Appellant,
v.
Linda LEVY, Appellee.
No. 97-3406.
District Court of Appeal of Florida, Fourth District.
May 27, 1998.
Order Correcting Opinion July 29, 1998.
Andrew Jay Weinstein of Weinstein & Associates, P.A., Coral Springs, for appellant.
Alan Jay Braverman of Law Offices of Braverman and Rossi, Fort Lauderdale, for appellee.
KLEIN, Judge.
Appellant is a former husband who is seeking a downward modification of alimony. In connection with that proceeding, the trial court awarded appellee, his former wife, temporary attorney's fees, which he appeals. We affirm.
Appellant, a physician with an annual income of $300,000, is required by a marriage settlement agreement, which has already been modified four times since the 1992 divorce, to pay appellee $1,263 a month in permanent alimony. She is employed and earns about $29,000 a year. She also has a net worth of about $400,000 including an equity of $106,000 in her condominium.
Because the court perceived that the husband was being unreasonably litigious and resisting discovery it appointed a special master who confirmed the court's suspicions. In its order awarding temporary fees, the trial court explained:
This Court is of the opinion the discovery resistance demonstrated thus far by Former Husband is equivalent to the unacceptable conduct condemned in Mettler v. Mettler, [569 So.2d 496 (Fla. 4th DCA 1990)] i.e. a pattern of extensive, expensive *1026 and needless litigation related to the pretrial discovery process.
Considering that temporary relief awards "are among the areas where trial judges have the broadest discretion." Robbie v. Robbie, 591 So.2d 1006, 1008 (Fla. 4th DCA 1991), and that former husband is only contesting the award of fees, not the amount[1], this appeal simply confirms the fact that the former husband is being unreasonably litigious. In fact he does not even argue the litigiousness issue. We therefore affirm the award and by separate order award attorney's fees to former wife for representation on this appeal.
WARNER and SHAHOOD, JJ., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant appellant's motion for clarification and correct our opinion to reflect, in the second paragraph, that the divorce was entered in 1982, not 1992. We deny the motion for rehearing.
WARNER, KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] Former wife's counsel is charging her $200 an hour, lower than his normal hourly rate, because of her inability to afford a higher amount. It is refreshing to see counsel in a family law proceeding charge a reasonable amount based on the financial ability of his client, rather than a high hourly rate, which is beyond his client's means, but which he expects to impose on the opposing party. If the input we receive is any guide, there is probably nothing which lowers the public's opinion of the legal profession more than the attorneys' fees charged by some practitioners in family law cases.