SCHWARTZ, Chief Judge,
dissenting.
In my opinion, and as we originally ruled, the order below should be affirmed. As the majority seems to agree, the trial judge acted well within his authority and discretion in assessing the fees required by this domestic litigation’s being “over litigated to ... absurdity,” Donoff v. Donoff, 691 So.2d 1091, 1093 (Fla. 4th DCA 1997), against the person who, even after explicit warning, was directly responsible for that fact, the husband’s attorney. See Bitter-man v. Bitterman, 714 So.2d 356, (Fla.1998); McAliley v. McAliley, 704 So.2d 611 (Fla. 4th DCA 1997); Goldfarb v. Daitch, 696 So.2d 1199 (Fla. 3d DCA 1997) review granted, 705 So.2d 8 (Fla.1997), review denied, Case no. 91,368, 717 So.2d 531, (Fla. March 30, 1998); Patsy v. Patsy, 666 So.2d 1045 (Fla. 4th DCA 1996); Sanchez v. Sanchez, 435 So.2d 347 (Fla. 3d DCA 1983).
Unlike the court, however, I see no reason either as a matter of jurisdiction, see Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241 (Fla.1986); Goldfarb, 696 So.2d at 1199, or policy to hold that the order under review was precluded by the earlier order assessing fees against the husband under section 61.16, Florida Statutes (1997). Indeed, I believe the contrary is true. Not only are the 61.16 fees directed against a different person, they serve entirely different purposes, and are based on entirely different considerations specifically relating, in large measure, to the ability of the client-spouse to pay. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997); Girten v. Andreu, 698 So.2d 886 (Fla. 3d DCA 1997); St. Pierre v. Greenberg, 697 So.2d 218 (Fla. 4th DCA 1997). Indeed, because one of the factors which should be considered in determining a Bitterman-Sanchez-Patsy fee is the extent to which the excessive expenses caused by the opponent’s lawyer may properly be assessed against and, even more significantly, actually recovered from his client, it seems affirmatively appropriate to me that these awards be separately and sequentially determined. By holding otherwise, the majority has, in a way, permitted her client’s lack of resources to immunize the churning lawyer from the consequences of her own unprofessionalism, with great resulting harm to the other spouse, the opposing attorney and, most important of all, the administration of justice. As we have come, however belatedly, to recognize, the entire system is compromised and embarrassed by excesses such as the one which occurred below. Donoff, 691 So.2d at *495 1093; Tomaino v. Tomaino, 629 So.2d 874 (Fla. 4th DCA 1993); Kass v. Kass, 560 So.2d 293 (Fla. 4th DCA 1990); Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987); see Levy v. Levy, 713 So.2d 1025, 1026 n. 1 (Fla. 4th DCA 1998); see also Freid v. Freid, 717 So.2d 145 (Fla. 5th DCA 1998)(Harris, J., concurring). Because I believe that orders like this one should not! only be affirmed but encouraged and replicated, I dissent.