734 So.2d 1133 (1999)
Mark Edmond MARTIN, Appellant,
v.
Cheryl Dianne MARTIN, Appellee.
No. 98-1130.
District Court of Appeal of Florida, Fourth District.
May 26, 1999.
Rehearing Denied July 16, 1999.
*1134 Harvey A. Nussbaum of Beiner & Nussbaum, P.A., Boca Raton, and Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., Fort Lauderdale, for appellant.
Frank G. Cibula, Jr. of Law Offices of Frank G. Cibula, Jr., West Palm Beach, for appellee.
WARNER, J.
The husband appeals from a final judgment which awarded primary residential custody of the parties' minor child to the mother, contrary to the custody evaluator's recommendations. He also challenges the calculation of child support and the equitable *1135 distribution of the marital assets. We affirm the trial court's determination of custody and child support but reverse the order with respect to equitable distribution of the parties' assets.
The parties married in 1991 and had one minor child who was born in 1994. The husband is employed as an air traffic control supervisor. Due to the nature of his work, every six months his schedule rotates between working nights and days. In addition, his work schedule does not permit more than one weekend off per month. The wife has worked as a systems analyst for Siemens for over nine years. She has a traditional nine-to-five work schedule with weekends off, occasionally working overtime. In addition, she is on-call twenty-four hours per day and travels approximately two days per month.
Prior to the husband filing for divorce, the mother was the child's primary caretaker and was generally responsible for all of his care. Each parent sought primary residential custody of the child. At trial, the husband testified that his seventy-year-old mother was available to take care of the child when he was not at home, although prior to the divorce the child had been in day care. The wife testified that she could work at home and that her company had "flex time," which would allow her to come to work later or earlier in the day. Furthermore, she expressed concern with her mother-in-law's ability to care for the child due to her advanced age and failing health.
Each parent also shared concerns about the other's parenting skills. The husband said the wife was careless with the child. In addition, he was concerned that the wife would move with the child to Georgia to be near her family. However, the wife denied any intention of relocating. On the other hand, the wife was concerned with the husband's lack of knowledge about caring for the child and the fact that he kept several guns in an unlocked drawer. There was also evidence that the husband punished the child inappropriately.
The court appointed a custody evaluator who determined that the husband should be given custody for two main reasons: first, the evaluator considered the availability of the grandmother to care for the child to be a superior arrangement to day care; and second, the evaluator considered the more regular hours of the father. Other than those two reasons, the evaluator found both parents equally fit to have custody of the child.
After listening to all of the evidence, and considering the factors set forth in section 61.13, Florida Statutes (1997), the court awarded the wife primary residential custody. The court based its decision on the husband's work schedule, which the court found to be complicated and constantly changing, while the wife had a traditional nine-to-five job. Although the husband contends that the court erred in disregarding the custody evaluator's recommendations, section 61.20(1), Florida Statutes (1997), which allows for a social investigation to determine custody, provides only that "[t]he court may consider the information contained in the study in making a decision on the child's custody ...." (emphasis added). In addition, we have previously determined that a "trial court [is] not bound by the testimony of [a] custody evaluator." Schoonmaker v. Schoonmaker, 718 So.2d 867, 868 (Fla. 4th DCA 1998). A trial court is given the broadest discretion in determinations of custody, and will not be reversed unless "`no reasonable man would take the view adopted by the trial court.'" Ford v. Ford, 700 So.2d 191, 195 (Fla. 4th DCA 1997) (quoting Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980)). The trial court considered all of the statutory factors, including the custody evaluator's report. See § 61.13. We find no abuse of discretion, nor do we find error in failing to prohibit the wife from moving out of state. The husband did not *1136 request such relief, and orders restricting relocation fall under the same abuse of discretion standard, which has not been met here. See Carrero v. Carrero, 493 So.2d 547, 548 (Fla. 3d DCA 1986).
The trial court's order provided for the appointment of a mediator to work out a visitation schedule between the parties and the child. The order stated "[t]he mediator shall have absolute authority to establish a visitation schedule for the parties." While a trial court can order the parties to mediate the issue of visitation, it cannot delegate its judicial authority to ultimately resolve the issue and settle disputes between the parties. Cf. Kurtz v. Kurtz, 538 So.2d 892, 894 (Fla. 4th DCA 1989). We therefore strike that sentence from the trial court's order. The trial court must resolve any unsettled issues of visitation.
With respect to the calculation of child support, the husband asserts that the trial court failed to deduct payments to a federally mandated pension plan from his income as required by section 61.30(3)(c), Florida Statutes (1997). See also Nelson v. Nelson, 651 So.2d 1252, 1253 (Fla. 1st DCA 1995). At trial, the only evidence that the husband contributed to a mandatory pension was his own testimony that he had a mandatory account. However, in the same sentence he also described a 401k account, which is not a mandatory plan. With only this evidence as to the mandatory nature of the plan, we find no error in the trial court's refusal to deduct any amount from the husband's income.
We reverse the award of equitable distribution of the parties' assets. Distribution of the parties' assets and liabilities should be equal unless there is justification for an inequality. See § 61.075(1), Fla. Stat. (1997); see also Kovar v. Kovar, 648 So.2d 177, 179 (Fla. 4th DCA 1994). In the instant case, the husband received his $62,000 retirement account, whereas the wife received her $67,748 retirement account, and the net equity in the marital home of $60,000. Thus, the wife received more than twice as much in marital assets as did the husband. No reason was given for the unequal division. We remand for a redetermination of equitable distribution of the marital assets.
We affirm as to all other issues raised which have not been specifically addressed in this opinion.
Affirmed in part; reversed in part, and remanded for further proceedings.
STEVENSON, J., and CONNER, BURTON C., Associate Judge, concur.