PER CURIAM.
In Amendments to the Florida Family Law Rules of Procedure, 824 So.2d 95 (Fla.2002), we adopted amendments to Florida Family Law Rule of Procedure 12.200, Case Management and Pretrial Conferences, and Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet. Rule 12.200 was amended to reflect statutory changes to the Florida Adoption Act. See ch.2001-3, §§ 13, 16-17, 20, 31, Laws of Fla. (amending §§ 63.062, 63.087, 63.088, 63.097, and 63.212, Fla. Stat. (2000)). The amendments to Florida Family Law Rules of Procedure Form 12.902(e) were made to reflect statutory changes to section 61.30(11), Florida Statutes (2000). See ch.2001-158, § 16, Laws of Fla. In our previous opinion we afforded interested parties an opportunity to comment on the amendments. Amendments to the Florida Family Law Rules of Procedure, 824 So.2d 95 (Fla.2002). Further, the amendments were published for comments in The Florida Bar News on June 15, 2002. We received two comments regarding the amendments.
After considering the comments, we have adopted the following suggestions. Rule 12.200, Case Management and Pretrial Conferences, is hereby amended to clarify that there should be a case management conference when there is a request for a waiver of consent to a termination of parental rights of any person required to consent by section 63.062, Florida Statutes. The amendment to rule 12.200, which is effective immediately, is set forth in Appendix A of this opinion with new language indicated by underscoring and deletions indicated by struck-through type. Further, we amend form 12.902(e), Child Support Guidelines Worksheet, to address additional expenses as well as requests for child support amounts that deviate from the child support guidelines. Form 12.902(e) is amended as set forth in Appendix B of this opinion, effective for immediate use.
We express no opinion as to the correctness or applicability of form 12.902(e), or on the substance of the legislation. This opinion and the form discussed herein may be accessed and downloaded from this Court’s website at www.flcourts.org.
It is so ordered.
ANSTEAD, C.J., SHAW, WELLS, PARIENTE, LEWIS, and QUINCE, JJ„ and HARDING, Senior Justice, concur.
APPENDIX A
RULE 12.200. CASE MANAGEMENT AND PRETRIAL CONFERENCES
(a) Case Management Conference.
(1) Family Law Proceedings, Generally. A case management conference may *683 be ordered by the court at any time on the court’s initiative. A party may request a case management conference 30 days after service of a petition or complaint. At such a conference the court may:
(A) schedule or reschedule the service of motions, pleadings, and other papers;
(B) set or reset the time of trials, subject to rule 12.440;
(C) coordinate the progress of the action if complex litigation factors are present;
(D) limit, schedule, order, or expedite discovery;
(E) schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
(F) schedule or hear motions related to admission or exclusion of evidence;
(G) pursue the possibilities of settlement;
(H) require filing of preliminary stipulations if issues can be narrowed;
(I) refer issues to a master for findings of fact, if consent is obtained as provided in rules 12.490 and 12.492 and if no significant history of domestic or repeat violence that would compromise the process is involved in the case;
(J) refer the parties to mediation if no significant history of domestic or repeat violence that would compromise the mediation process is involved in the case and consider allocation of expenses related to the referral; or refer the parties to counseling if no significant history of domestic or repeat violence that would compromise the process is involved in the case and consider allocation of expenses related to the referral;
(K) coordinate voluntary binding arbitration consistent with Florida law if no significant history of domestic or repeat violence that would compromise the process is involved in the case;
(L) appoint court experts and allocate the expenses for the appointments;
(M) refer the cause for a home study or psychological evaluation and allocate the initial expense for that study;
(N) appoint an attorney or guardian ad litem for a minor child or children if required and allocate the expense of the appointment; and
(O) schedule other conferences or determine other matters that may aid in the disposition of the action.
(2) Adoption Proceedings. A case management conference shall be ordered by the court within 60 days of the filing of a petition when
(A) there is a request for a waiver of consent to a termination of parental rights by those persons of any person required to consent by section 63.062, Florida Statutes;
(B) notice of the hearing on the petition to terminate parental rights pending adoption is not being afforded. a person whose consent is required but who has not consented;
(C) there is an objection to venue, which was made after the waiver of venue was signed;
(D) an intermediary, attorney, or agency is seeking fees, costs, or other expenses in excess of those provided under sections 63.097 or 63.212(5), Florida Statutes;
(E) an affidavit of diligent search and inquiry is filed in lieu of personal service under section 63.088(4), Florida Statutes; or
(F) the court is otherwise aware that any person having standing objects to *684 the termination of parental rights pending adoption.
(b) Pretrial Conference. After the action is at issue the court itself may or shall on the timely motion of any party require the parties to appear for a conference to consider and determine:
(1) proposed stipulations and the simplification of the issues;
(2) the necessity or desirability of amendments to the pleadings;
(3) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) the limitation of the number of expert witnesses; and
(5) any matters permitted under subdivision (a) of this rule.
(c) Notice. Reasonable notice shall be given for a case management conference, and 20 days’ notice shall be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference shall be specified in the order. Orders setting pretrial conferences shall be uniform throughout the territorial jurisdiction of the court.
(d) Case Management and Pretrial Order. The court shall make an order reciting the action taken at a conference and any stipulations made. The order shall control the subsequent course of the action unless modified to prevent injustice.
Commentary
1995 Adoption. This rule addresses issues raised by decisions such as Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987), regarding the cost of marital litigation. This rule provides an orderly method for the just, speedy, and inexpensive determination of issues and promotes amicable resolution of disputes.
This rule replaces and substantially expands Florida Rule of Civil Procedure 1.200 as it pertained to family law matters. Under this rule, a court may convene a case management conference at any time and a party may request a case management conference 30 days after service of a petition or complaint. The court may consider the following additional items at the conference: motions related to admission or exclusion of evidence, referral of issues to a master if consent is obtained pursuant to the rules, referral of the parties to mediation, referral of the parties to counseling, coordination of voluntary binding arbitration, appointment of court experts, referral of the cause for a home study psychological evaluation, and appointment of an attorney or guardian ad litem for a minor child.
Committee Note
1997 Amendment. In In re Adoption of Baby E.A.W., 658 So.2d 961 (Fla.1995), and other cases involving protracted adoption litigation, it becomes clear that the earlier the issue of notice is decided by the court, the earlier the balance of the issues can be litigated. Because both parents’ constitutional standing and guarantees of due process require notice and an opportunity to be heard, this rule amendment will help solve the problems of adoption litigation lasting until a child’s third, fourth, or even fifth birthday. Furthermore, this rule will encourage both parents to be more candid with intermediaries and attorneys involved in the adoption process.
In E.A.W., 658 So.2d at 979, Justice Kogan, concurring in part and dissenting in part, stated: “I personally urge the Family Law Rules Committee ... to study possible methods of expediting review of *685 disputes between biological and adoptive parents.” This rule expedites resolution of preliminary matters concerning due process in difficult adoption disputes. This rule also mandates early consideration of the child’s rights to due process at early stages of adoption litigation.
Noncompliance with subdivision (a)(2) of this rule shall not invalidate an otherwise valid adoption.
APPENDIX B
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(e), CHILD SUPPORT GUIDELINES WORKSHEET
When should this form be used?
You should complete this worksheet if child support is being requested in your case. If you know the income of the other party, this worksheet should accompany your financial affidavit. If you do not know the other party’s income, this form must be completed after the other party files his or her financial affidavit, and serves a copy on you.
This form should be typed or printed in black ink. You should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
Where can I look for more information?
Before proceeding, you should read “General Information for Self Represented Litigants” found at the beginning of these forms. The words that are in “bold underline ” in these instructions are defined there. For further information, see section 61.30, Florida Statutes.
Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(1).
The chart below contains the guideline amounts that you should use when calculating child support. This amount is based on the number of children and the combined income of the parents, and it is divided between the parents in direct proportion to their income or earning capacity. From time to time, some of the amounts in the child support guidelines chart will change. Be sure you have the most recent version of the chart before using it.
Because the guidelines are based on monthly amounts, it may be necessary to convert some income and expense figures from other frequencies to monthly. You should do this as follows:
If payment is twice per month Payment amount x 2 = Monthly amount
If payment is every two weeks Payment amount x 26 = Yearly amount due
Yearly amount -5- 12 = Monthly amount
If payment is weekly Weekly amount x 62 = Yearly amount due
*686 Yearly amount + 12 = Monthly amount
If you or the other parent request that the court award an amount that is different than the guideline amount, you must also complete and attach a Motion to Deviate from Child Support Guidelines,□ Florida Supreme Court Approved Family Law Form 12.943.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
CHILD SUPPORT GUIDELINES CHART
[[Image here]]
*687 [[Image here]]
*688 [[Image here]]
*689 [[Image here]]
*690 [[Image here]]
*691 [[Image here]]
*692 [[Image here]]
*693 [[Image here]]