PER CURIAM.
The Florida Bar’s Family Law Rules Committee has filed a petition proposing amendments to the Florida Family Law Rules of Procedure based on a request from this Court that the committee propose “fast track” rule amendments in response to the 2004 Florida Legislature’s amendment of various Florida Statutes. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(f).
The committee proposes amending eleven rules. The Board of Governors Executive Committee approved the proposals unanimously. The proposals were published by The Florida Bar in the September 15, 2004, edition of The Florida Bar News, and comments were invited. No comments were received. Having considered the petition, we adopt the committee’s proposals with minor stylistic changes to the proposed amendment to Rule 12.741, Mediation Rules.
We amend rules 12.010, Scope, Purpose, and Title; 12.070, Process; 12.080, Service of Pleadings and Papers; 12.200, Case Management and Pretrial Conferences; 12.285, Mandatory Disclosure; 12.490, General Magistrates; 12.492, Special Magistrates; 12.610, Injunctions for Domestic, Repeat, and Dating Violence; and 12.750, Family Self-Help Programs, to add the causes of action of dating violence and sexual violence to these rules. In 2002 and 2003, the Legislature amended section 784.046, Florida Statutes, to add dating violence and sexual violence to the causes of action for which an individual may seek an injunction for protection under the statute. See ch.2002-55, § 21, Laws of Fla.; ch.2003-117, § 2, Laws of Fla.[1]
We amend rule 12.740, Family Mediation, to reference section 44.108, Florida Statutes, which was amended in 2004 to provide a fee schedule for court-ordered mediation services. See ch.2004-265, § 44, Laws of Fla.
Finally, we amend rule 12.741, Mediation Rules, to recognize the family court’s authority under section 44.406, Florida Statutes, to order sanctions for violations of mediation confidentiality provisions. This amendment recognizes the 2004 Legislature’s creation of the Mediation Confidentiality and Privilege Act, sections 44.401-44.406, Florida Statutes (2004). See ch.2004-291, § 4, Laws of Fla.
The rule is further amended to provide that any violation of a confidentiality provision under section 44.405, Florida Statutes, must be knowing and willful for the court to impose sanctions under this rule.
Accordingly, we amend the Florida Family Law Rules of Procedure as reflected in the appendix to this opinion. New language is indicated by underscor *866 ing; deletions are indicated by struck-through type. The amendments shall become effective immediately.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 12.010. SCOPE, PURPOSE, AND TITLE
(a)Scope.
(1) These rules apply to all actions concerning family matters, including actions concerning domestic and, repeat, dating, and sexual violence, except as otherwise provided by the Florida Rules of Juvenile Procedure or the Florida Probate Rules. “Family matters,” “family law matters,” or “family law cases” as used within these rules include, but are not limited to, matters arising from dissolution of marriage, annulment, support unconnected with dissolution of marriage, paternity, child support, custodial care of or access to children (except as otherwise provided by the Florida Rules of Juvenile Procedure), adoption, proceedings for emancipation of a minor, declaratory judgment actions related to premarital, marital, or post-marital agreements (except as otherwise provided, when applicable, by the Florida Probate Rules), injunctions for domestic-and, repeat, dating, and sexual violence, and all proceedings for modification, enforcement, and civil contempt of these actions.
(2) The form, content, procedure, and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules or the Florida Rules of Civil Procedure, where applicable, specifically provide to the contrary. All actions governed by these rules also shall also be governed by the Florida Evidence Code, which shall govern in cases where a conflict with these rules may occur.
(b) Purpose.
(1) These rules shall be construed to secure the just, speedy, and inexpensive determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
(2) Nothing shall prohibit any intake personnel in ©family Llaw ©divisions from assisting in the preparation of papers or forms to be filed in any action under these rules.
(c) Title. These rules shall be known as the Florida Family Law Rules of Procedure and abbreviated as Fla. Fam. L.R. P.
RULE 12.070. PROCESS
(a) Service of Initial Process. Upon the commencement of all family law actions, including proceedings to modify a final judgment, service of process shall be as set forth in Florida Rule of Civil Procedure 1.070.
(b) Summons. The summons, cross-claim summons, and third-party summons in family law matters shall be patterned after Florida Family Law Rules of Procedure Form 12.910(a) and shall specifically contain the following language:
WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.
(c) Constructive Service. For constructive service of process, an affidavit of diligent search and inquiry, in substantial conformity with Florida Family Law Rules of Procedure Form 12.913(b), must be filed.
*867 (d) Domestic-and, Repeat, Dating, and Sexual Violence Proceedings. This rule does not govern service of process in domestic-and, repeat, dating, and sexual violence proceedings.
RULE 12.080. SERVICE OF PLEADINGS AND PAPERS
(a) Service.
(1) Family Law Actions Generally. Service of pleadings and papers after commencement of all family law actions except domestic-and, repeat, dating, and sexual violence shall be as set forth in Florida Rule of Civil Procedure 1.080, except that rule 1.080 shall be expanded as set forth in subdivisions (b) and (c) to include additional requirements for service of recommended orders and for ' service on defaulted parties.
(2) Domestic — and, Repeat, Dating, and Sexual Violence Actions. Service of pleadings and papers regarding domestic and, repeat, dating, and sexual violence actions shall be governed by Florida Family Law Rule of Procedure 12.610, where it is in conflict with this rule.
(b) Service and Preparation of Orders and Judgments. A copy of all orders or judgments involving family law matters except domestic-and repeat, dating, and sexual violence shall be transmitted by the court or under its direction to all parties at the time of entry of the-order or judgment. The court may require that recommended orders, orders, or judgments be prepared by a party. If the court requires that a party prepare the recommended order, order, or judgment, the party shall furnish the court with stamped, addressed envelopes to all parties for service of the recommended order, order, or judgment. The court also-may also require that any proposed recommended order, order, or judgment that is prepared by a party be furnished to all parties no less than 24 hours before submission to the court of the recommended order, order, or judgment.
(c) Defaulted Parties. No service need be made on parties against whom a default has been entered, except that:
(1) Pleadings asserting new or additional claims against defaulted parties shall be served in the manner provided for service of summons contained in Florida Rule of Civil Procedure 1.070.
(2) Notice of final hearings or trials and court orders shall be served on defaulted parties in the manner provided for service of pleadings and papers contained in Florida Rule of Civil Procedure 1.080.
(8) Final judgments shall be served on defaulted parties as set forth in Florida Rule of Civil Procedure 1.080(h)(2).
Commentáry
1995 Adoption. This rule provides that the procedure for service shall be as set forth in Florida Rule of Civil Procedure 1.080 with the following exceptions or additions to that rule. First, subdivision (b) corresponds to and replaces subdivision (h)(1) of rule 1.080 and expands the rule to include recommended orders. Second, this rule expands items that must be served on defaulted parties to ensure that defaulted parties are at least minimally advised of the progress of the proceedings. This rule is not intended to require the furnishing of a proposed recommended order, proposed order, or proposed final judgment to a defaulted party.
RULE 12.200. CASE MANAGEMENT AND PRETRIAL CONFERENCES
(a) Case Management Conference.
(1) Family Law Proceedings, Generally. A case management conference may be ordered by the court at any time on the court’s initiative. A party may request a *868 case management conference 30 days after service of a petition or complaint. At such a conference the court may:
(A) schedule or reschedule the service of motions, pleadings, and other papers;
(B) set or reset the time of trials, subject to rule 12.440;
(C) coordinate the progress of the action if complex litigation factors are present;
(D) limit, schedule, order, or expedite discovery;
(E) schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
(F) schedule or hear motions related to admission or exclusion of evidence;
(G) pursue the possibilities of settlement;
(H) require filing of preliminary stipulations if issues can be narrowed;
(I) refer issues to a magistrate for findings of fact, if consent is obtained as provided in rules 12.490 and 12.492 and if no significant history of domestic, repeat, er-dating, or sexual violence that would compromise the process is involved in the case;
(J) refer the parties to mediation if no significant history of domestic, repeat, or dating, or sexual violence that would compromise the mediation process is involved in the case and consider allocation of expenses related to the referral; or refer the parties to counseling if no significant history of domestic, repeat, or-dating, or sexual violence that would compromise the process is involved in the case and consider allocation of expenses related to the referral;
(K) coordinate voluntary binding arbitration consistent with Florida law if no significant history of domestic, repeat, ©r dating, or sexual violence that would compromise the process is involved in the case;
(L) appoint court experts and allocate the expenses for the appointments;
(M) refer the cause for a home study or psychological evaluation and allocate the initial expense for that study;.
(N) appoint an attorney or guardian ad litem for a minor child or children if required and allocate the expense of the appointment; and
(O) schedule other conferences or determine other matters that may aid in the disposition of the action.
(2) Adoption Proceedings. A case management conference shall be ordered by the court within 60 days of the filing of a petition when
(A) there is a request for a waiver of consent to a termination of parental rights of any person required to consent by section 63.062, Florida Statutes;
(B) notice of the hearing on the petition to terminate parental rights pending adoption is not being afforded a person whose consent is required but who has not consented;
(C) there is an objection to venue, which was made after the waiver of venue was signed;
(D) an intermediary, attorney, or agency is seeking fees, costs, or other expenses in excess of those provided under section 63.097 or 63.212(5), Florida Statutes;
(E) an affidavit of diligent search and inquiry is filed in lieu of personal service under section 63.088(4), Florida Statutes; or
(F) the court is otherwise aware that any person having standing objects to the termination of parental rights pending adoption.
*869 (b) Pretrial Conference. After the action is at issue the court itself may or shall on the timely motion of any party require the parties to appear for a conference to consider and determine:
(1) proposed stipulations and the simplification of the issues;
(2) the necessity or desirability of amendments to the pleadings;'
(3) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) the limitation of the number of expert witnesses; and
(5) any matters permitted under subdivision (a) of this rule.
. (c) Notice. Reasonable notice shall be given for a case management conference, and 20 days’ notice shall be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action. Any documents that the court requires for any conference shall be specified in the order. Orders setting pretrial conferences shall be uniform throughout the territorial jurisdiction of the court.
(d) Case Management and Pretrial Order. The court shall make an order reciting the action taken at a conference and any stipulations made. The order shall control the subsequent course of the action unless modified to prevent injustice.
Commentary
1995 Adoption. This rule addresses issues raised by decisions such as Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987), regarding the cost of marital litigation. This rule provides an orderly method for the just, speedy, and inexpensive determination of issues and promotes amicable resolution of disputes.
This rule replaces and substantially expands Florida Rule of Civil Procedure 1.200 as it pertained to family law matters. Under this rule, a court may convene a case management conference at any time and a party may request a case management conference 30 days after service of a petition or complaint. The court may consider the following additional items at the conference: motions related to admission or exclusion of evidence, referral of issues to a master if consent is obtained pursuant to the rules, referral of the parties ■ to mediation, referral of the parties to counseling, coordination of voluntary binding arbitration, appointment of court experts, referral of the cause for a home study psychological evaluation, and appointment of an attorney or guardian ad litem for a minor child.
Committee Note
1997 Amendment. In In re Adoption of Baby E.A.W., 658 So.2d 961 (Fla.1995), and other cases involving protracted adoption litigation, it becomes clear that the earlier the issue of notice is decided by the court, the earlier the balance of the issues can be litigated. Because both parents’ constitutional standing and guarantees of due process require notice and an opportunity to be heard, this rule amendment will help solve the problems of adoption litigation lasting until a child’s third, fourth, or even fifth birthday. Furthermore, this rule will encourage both parents to be more candid with intermediaries and attorneys involved in the adoption process.
In E.A.W., 658 So.2d at 979, Justice Kogan, concurring in part and dissenting in part, stated: “I personally urge the Family Law Rules Committee ... to study possible methods of expediting review of disputes between biological and adoptive parents.” This rule expedites resolution of *870 preliminary matters concerning due process in difficult adoption disputes. This rule also mandates early consideration of the child’s rights to due process at early stages of adoption litigation.
Noncompliance with subdivision (a)(2) of this rule shall not invalidate an otherwise valid adoption.
RULE 12.285. MANDATORY DISCLOSURE
(a) Application.
(1) Scope. This rule shall apply to all proceedings within the scope of these rules except proceedings involving adoption, simplified dissolution, enforcement, contempt, injunctions for domestic, repeat, or dating, or sexual violence, and uncontested dissolutions when the respondent is served by publication and does not file an answer. Additionally, no financial affidavit or other documents shall be required under this rule from a party seeking attorneys’ fees, suit money, or costs, if the basis for the request is solely under section 57.105, Florida Statutes, or any successor statute. Except for the provisions as to financial affidavits and child support guidelines worksheets, any portion of this rule may be modified by order of the court or agreement of the parties.
(2) Original and Duplicate Copies. Unless otherwise agreed by the parties or ordered by the court, copies of documents required under this rule may be produced in lieu of originals. Originals, when available, shall be produced for inspection upon request. Parties shall not be required to serve duplicates of documents previously served.
(b) Time for Production of Documents.
(1) Temporary Financial Hearings. Any document required under this rule in any temporary financial relief proceeding shall be served on the other party for inspection and copying as follows.
(A) The party seeking relief shall serve the required documents on the other party with the notice of temporary financial hearing, unless the documents have been served under subdivision (b)(2) of this rule.
(B) The responding party shall serve the required documents on the party seeking relief on or before 5:00 p.m., 2 business days before the day of the temporary financial hearing if served by delivery or 7 days before the day of the temporary financial hearing if served by mail, unless the documents have been received previously by the party seeking relief under subdivision (b)(2) of this rule. A responding party shall be given no less than 12 days to serve the documents required under this rule, unless otherwise ordered by the court. If the 45-day period for exchange of documents provided for in subdivision (b)(2) of this rule will occur before the expiration of the 12 days, the provisions of subdivision (b)(2) control.
(2) Initial and Supplemental Proceedings. Any document required under this rule for any initial or supplemental proceeding shall be served on the other party for inspection and copying within 45 days of service of the initial pleading on the respondent.
(c)Disclosure Requirements for Temporary Financial Relief. In any proceeding for temporary financial relief heard within 45 days of the service of the initial pleading or within any extension of the time for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents shall be served on the other party:
(1) A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party’s *871 gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.902(c) if the party’s gross annual income is equal to or more than $50,000. This requirement cannot be waived by the parties. The affidavit also must- also be filed with the court.
(2) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party’s behalf for the past year. A party may file a transcript of the tax return as provided by Internal Revenue Service Form 4506 in lieu of his or her individual federal income tax return for purposes of a temporary hearing.
(3) IRS forms W-2, 1099, and K-l for the past year, if the income tax return for that year has not been prepared.
(4) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(d) Parties’ Disclosure Requirements for Initial or Supplement Proceedings. A party shall serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys’ fees, suit money, or costs:
(1)A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party’s gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.902(c) if the party’s gross annual income is equal to or more than $50,000, which requirement cannot be waived by the parties. The financial affidavits also must also be filed with the court. A party may request, by using the Standard Family Law Interrogatories, or the court on its own motion may order, a party whose gross annual income is less than $50,000 to complete Florida Family Law Rules of Procedure Form 12.902(c).
(2) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party’s behalf for the past 3 years.
(3) IRS forms W-2, 1099, and K-l for the past year, if the income tax return for that year has not been prepared.
(4) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(5) A statement by the producing party identifying the amount and source of all income received from any source during the 3 months preceding the service of the financial affidavit required by this rule if not reflected on the pay stubs produced.
(6) All loan applications and financial statements prepared or used within the 12 months preceding service of that party’s financial affidavit required by this rule, whether for the purpose of obtaining or attempting to obtain credit or for any other purpose.
(7) All deeds within the last 3 years, all promissory notes within the last 12 months, and all present leases, in which the party owns or owned an interest, whether held in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(8) All periodic statements from the last 3 months for all checking accounts, and from the last 12 months for all other accounts (for example, savings accounts, money market funds, certificates of deposit, etc.); regardless of whether or not the account has been closed, including those held in the party’s name individually, in *872 the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(9) All brokerage account statements in which either party to this action held within the last 12 months or holds an interest including those held in the party’s name individually, in the party’s name jointly with any person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(10) The most recent statement for any profit sharing, retirement, deferred compensation, or pension plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, or other similar account) in which the party is a participant or alternate payee and the summary plan description for any retirement, profit sharing, or pension plan in which the party is a participant or an alternate payee. (The summary plan description must be furnished to the party on request by the plan administrator as required by 29 U.S.C. § 1024(b)(4).)
(11) The declarations page, the last periodic statement, and the certificate for all life insurance policies insuring the party’s life or the life of the party’s spouse, whether group insurance or otherwise, and all current health and dental insurance cards covering either of the parties and/or their dependent children.
(12) Corporate, partnership, and trust tax returns for the last 3 tax years if the party has an ownership or interest in a corporation, partnership, or trust greater than or equal to 30%.
(13) All promissory notes for the last 12 months, all credit card and charge account statements and other records showing the party’s indebtedness as of the date of the filing of this action and for the last 3 months, and all present lease agreements, whether owed in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(14) All written premarital or marital agreements entered into at any time between the parties to this marriage, whether before or during the marriage. Additionally, in any modification proceeding, each party shall serve on the opposing party all written agreements entered into between them at any time since the order to be modified was entered.
(15) All documents and tangible evidence supporting the producing party’s claim of special equity or nonmarital status of an asset or debt for the time period from the date of acquisition of the asset or debt to the date of production or from the date of marriage, if based on premarital acquisition.
(16) Any court orders directing a party to pay or receive spousal or child support.
(e) Duty to Supplement Disclosure; Amended Financial Affidavit.
(1) Parties have a continuing duty to supplement documents described in this rule, including financial affidavits, whenever a material change in their financial status occurs.
(2) If an amended financial affidavit or an amendment to a financial affidavit is filed, the amending party also shall also serve any subsequently discovered or acquired documents supporting the amendments to the financial affidavit.
(f) Sanctions. Any document to be produced under this rule that is served on the opposing party fewer than 24 hours before a nonfinal hearing or in violation of the court’s pretrial order shall not be admissi *873 ble in evidence at that hearing unless the court finds good cause for the delay. In addition, the court may impose other sanctions authorized by rule 12.380 as may be equitable under the circumstances. . The court may also impose sanctions upon the offending lawyer in lieu of imposing sanctions on a party.
(g) Extensions of Time for Complying with Mandatory Disclosure. By agreement of the parties, the time for complying with mandatory disclosure may be extended. Either party also may also file, at least 5 days before the due date, a motion to enlarge the time for complying with mandatory disclosure. The court shall grant the request for .good cause shown.
(h) Objections to Mandatory Automatic Disclosure. Objections to the mandatory automatic disclosure required by this rule shall be served in writing at least 5 days prior to the due date for the disclosure or the objections shall be deemed waived. The filing of a timely objection, with a notice of hearing on the objection, automatically stays mandatory disclosure for those matters within the scope of the objection. For good cause shown, the court may extend the time for the filing of an objection or permit the filing of an otherwise untimely objection. The court shall impose sanctions for the filing of meritless or frivolous objections.
(i) Certificate of Compliance. All parties subject to automatic mandatory disclosure shall file with the court a certificate of compliance, Florida Family Law Rules of Procedure Form 12.932, identifying with particularity the documents which have been delivered and certifying the date of service of the financial affidavit and documents by that party. Except for the-financial affidavit and child support guidelines worksheet, no documents produced under this rule shall be filed in the court file without a court order.
(j) Child Support Guidelines Worksheet. If the case involves child support, the parties shall file with the court at or prior to a hearing to establish or modify child support a Child Support Guidelines Worksheet in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(e).. This requirement cannot be waived by the parties.
(k) Place of Production.
(1) Unless otherwise' agreed by the parties or ordered by the court, all production required by this rule shall take place in the county, where the action is pending and in the office of the attorney for the party receiving production. Unless otherwise agreed by the parties or ordered by the court, if a party does not have an attorney or if the attorney does not have an office in the county where the action is pending, production shall take place in the county where the action is pending at a place designated in writing by the party receiving production, served at least 5 days before the due date for production.
(2) If venue is contested, on motion by a party the court shall designate the place where production will occur pending determination of the venue issue.
(l) Failure of Defaulted Party to Comply. Nothing in this rule shall be deemed to preclude the entry of a final judgment when a party in default has failed to comply with this rule.
Commentary
1995 Adoption. This rule creates a procedure for automatic financial disclosure in family law cases. By requiring production at an early stage in the proceedings, it is hoped that the expense of litigation will be minimized. See Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); *874 and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987). A limited number of requirements have been placed upon parties making and spending less than $50,000 annually unless otherwise ordered by the court. In cases where the income or expenses of a party are equal to or exceed $50,000 annually, the requirements are much greater. Except for the provisions as to financial affidavits, other than as set forth in subdivision (k), any portion of this rule may be modified by agreement of the parties or by order of the court. For instance, upon the request of any party or on the courts own motion, the court may order that the parties to the proceeding comply with some or all of the automatic mandatory disclosure provisions of this rule even though the parties do not meet the income requirements set forth in subdivision (d). Additionally, the court may, on the motion of a party or on its own motion, limit the disclosure requirements in this rule should it find good cause for doing so.
Committee Notes
1997 Amendment. Except for the form of financial affidavit used, mandatory disclosure is made the same for all parties subject to the rule, regardless of income. The amount of information required to be disclosed is increased for parties in the under-$50,000 category and decreased for parties in the $50,000-or-over category. The standard family law interrogatories are no longer mandatory, and their answers are designed to be supplemental and not duplicative of information contained in the financial affidavits.
1998 Amendment. If one party has not provided necessary financial information for the other party to complete a child support guidelines worksheet, a good faith estimate should be made.
RULE 12.490. GENERAL MAGISTRATES
(a) General Magistrates. Judges of the circuit court may appoint as many general magistrates from among the members of The Florida Bar in the circuit as the judges find necessary, and the general magistrates shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general magistrate shall take the oath required of officers by the constitution and the oath shall be recorded before the magistrate discharges any duties of that office.
(b) Reference.
(1) No matter shall be heard by a general magistrate without an appropriate order of reference and the consent to the referral of all parties. Consent, as defined in this rule, to a specific referral, once given, cannot be withdrawn without good cause shown before the hearing on the merits of the matter referred. Consent may be express or may be implied in accordance with the requirements of this rule.
(A) A written objection to the referral to a general magistrate must be filed within 10 days of the service of the order of referral.
(B) If the time set for the hearing is less than 10 days after service of the order of referral, the objection must be filed before commencement of the hearing.
(C) If the order of referral is served within the first 20 days after the service of the initial process, the time to file an objection is extended to the time within which to file a responsive pleading.
(D) Failure to file a written objection within the applicable time period is deemed to be consent to the order of referral.
*875 (2) The order of referral shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920(b), and shall contain the following language in bold type:
A REFERRAL TO A GENERAL MAGISTRATE REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE GENERAL MAGISTRATE, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. IF THIS ORDER IS SERVED WITHIN THE FIRST-20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RESPONSIVE PLEADING IS DUE. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.
REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MAGISTRATE SHALL BE BY EXCEPTIONS AS PROVIDED IN RULE 12.490(f), FLA. FAM. L.R.P. A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, MAY BE REQUIRED TO SUPPORT THE EXCEPTIONS.
(3) The order of referral shall state with specificity the matter or matters being referred and the name of the general magistrate to whom the matter is referred. The order of referral alse-shall also state whether electronic recording or a court reporter is provided by the court, or whether a court reporter, if desired, must be provided by the litigants.
(4)When a reference is made to a general magistrate, any party or the general magistrate may set the action for hearing.
(c) General Powers and Duties. Every general magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court except those duties related to domestic, repeat, and-dating, and sexual violence. A general magistrate shall be empowered to administer oaths and conduct hearings, which may include the taking of evidence. All grounds for disqualification of a judge shall apply to general magistrates.
(d) Hearings.
(1) The general magistrate shall assign a time and place for proceedings as soon as reasonably possible after the reference is made and give notice to each of the parties either directly or by directing counsel to file and serve a notice of hearing. If any party fails to appear, the general magistrate may proceed ex parte or may adjourn.the proceeding to a future day, giving notice to the absent party of the adjournment. The general magistrate shall proceed with reasonable diligence in every reference and with the least delay practicable. Any party may apply to the court for an order to the general magistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay.
(2) The general magistrate shall take testimony and establish a record which may be by electronic means as provided by Florida Rule of Judicial Administration *876 2.070(g)(3) or by a court reporter. The parties may not waive this requirement.
(3) The general magistrate shall have authority to examine under oath the parties and all witnesses upon all matters contained in the reference, to require production of all books, papers, writings, vouchers, and other documents applicable to it, and to examine on oath orally all witnesses produced by the parties. The general magistrate may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general magistrate shall have the same powers as a circuit judge to utilize communications equipment as defined and regulated by Florida Rule of Judicial Administration 2.071.
(4) The notice or order setting the cause for hearing shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920(c) and shall contain the following language in bold type:
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLA. FAM. L.R.P. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT’S REVIEW.
(5) The notice or order setting a matter for hearing shall state whether electronic recording or a court reporter is provided by the court. If the court provides electronic recording, the notice also shall also state that any party may provide a court reporter at that party’s expense.
(e) General Magistrate’s Report. The general magistrate shall file a report that includes findings of fact and conclusions of law, together with recommendations. If a court reporter was present, the report shall contain the name and address of the reporter.
(f) Filing Report; Notice; Exceptions. The general magistrate shall file the report and recommendations and serve copies on all parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. Any party may file cross-exceptions within 5 days from the service of the exceptions, provided, however, that the filing of cross-exceptions shall not delay the hearing on the exceptions unless good cause is shown. If no exceptions are filed within that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party or the court.
(g) Record. For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review if necessary for the court’s review.
(1) The record shall consist of the court file, including the transcript of the relevant proceedings before the general magistrate and all depositions and evidence presented to the general magistrate.
(2) The transcript of all relevant proceedings, if any, shall be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions. If less than a full transcript of the proceedings taken before the general magistrate is ordered prepared by the excepting party, that party shall promptly *877 file a notice setting forth the portions of the transcript that have been ordered. The responding parties shall be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the exceptions or cross-exceptions.
(3) The cost of the original and all copies of the transcript of the proceedings shall be borne initially by the party seeking review, subject to appropriate assessment of suit monies. Should any portion of the transcript be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript.
Commentary
1995 Adoption. This rule is a modification of Florida Rule of Civil Procedure 1.490. That rule governed the appointment of both general and special masters. The appointment of special masters is now governed by Florida Family Law Rule of Procedure 12.492. This rule is intended to clarify procedures that were required under rule 1.490, and it creates additional procedures. The use of general masters should be implemented only when such use will reduce costs and expedite cases in accordance with Dralus v. Dralus, 627 So.2d 505 (Fla. 2d DCA 1993), Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991), and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987).
Committee Note
2004 Amendment. In accordance with Chapter 2004-11, Laws of Florida, all references to general master were changed to general magistrate.
RULE 12.492. SPECIAL MAGISTRATES
(a)Special Magistrates. The court may appoint members of The Florida Bar as special magistrates for any particular service required by the court in a family law matter other than those involving domestic aadr-repeat, dating, and sexual violence. The special- magistrates shall- be goverried by all the provisions of law and rules relating to general magistrates except as otherwise provided by this rule. Additionally, they shall not be required to make oath, or give.bond unless specifically required by the order appointing them. Upon a showing that the appointment is advisable, a person other than a member of The Florida Bar may be appointed:
(b) Reference. No reference shall be to a special magistrate without the express prior consent of the parties, except that the court upon good causé shown and without 'consent of the parties may appoint an attorney as a special magistrate to preside over depositions and rule upon objections.
(c) General Powers and Duties. Every special magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court. Hearings before ■ any special magistrate shall be held in the county where the action is pending, but -hearings may be held at any place by order of the court within or without the state to meet the convenience of the witnesses or the parties. All grounds for disqualification of a judge shall apply to special magistrates.
(d) Bond. When not otherwise provided by law, the court may require special magistrates who are appointed to dispose of real or personal property to give bond and surety conditioned for the’proper payment of all moneys that may come into their hands and for the due performance of their duties as the court may direct. The bond shall be made payable to the State of Florida and shall be for the benefit of all persons aggrieved by any act of the special magistrate.
*878 ■ (e) Hearings. When a reference is made to a special magistrate, any party or the special magistrate may set the action for hearing. The special magistrate shall assign a time and place for proceedings as soon as reasonably possible after the reference is made and give notice to each of the parties either directly or by requiring counsel to file and serve a notice of hearing. If any party fails to appear, the special magistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The special magistrate shall proceed with reasonable diligence in every reference and with the least delay practicable. Any party may apply to the court for an order to the special magistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay. Unless otherwise ordered by the court, or agreed to by all parties, all parties shall equally share the cost of the presence of a court reporter at a special magistrate’s proceedings. If all parties waive the presence of a court reporter, they must do so in writing. The special magistrate shall have authority to examine the parties and all witnesses under oath upon all matters contained in the reference and to require production of all books, papers, writings, vouchers, and other documents applicable to it. The special magistrate shall admit evidence by deposition or that is otherwise admissible in court. The special magistrate may take all actions concerning evidence that can be taken by the court and in the same manner. All parties accounting before a special magistrate shall bring in their accounts in the form of accounts payable and receivable, and any other parties who are not satisfied with the account may examine the accounting party orally or by interrogatories or deposition as the special magistrate directs. All depositions and documents that have been taken or used previously in the action may be used before the special magistrate.
(f) Special Magistrate’s Report. The special magistrate shall file a report that includes findings of fact and conclusions of law, together with recommendations. In the report made by the special magistrate no part of any statement of facts, account, charge, deposition, examination, or answer used before the special magistrate need be recited. The matters shall be identified to inform the court what items were used. The report shall include the name and address of the court reporter present, if any.
(g) Filing Report; Notice; Exceptions. The special magistrate shall file the report and recommendations and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within that period, the court shall take appropriate action on the report. Any party may file cross-exceptions within 5 days from the service of the exceptions, provided, however, that the filing of cross-exceptions shall not delay the hearing on the exceptions unless good cause is shown. If exceptions are filed, they shall be heard on reasonable notice by either party. The party seeking to have exceptions heard shall be responsible for the preparation of the transcript of proceedings before the special magistrate.
(h) Expenses of Special Magistrate. The costs of a special magistrate may be assessed as any other suit money in family proceedings and all or part of it may be ordered prepaid by order of the court.
Commentary
1995 Adoption. Originally, both general and special masters were governed under Florida Rule of Civil Procedure 1.490. General and special masters are now gov *879 erned under Florida Family Law Rules of Procedure 12.490 and 12.492, respectively. The requirements for appointing special masters are essentially the same as under the previous rule; but this rule eliminates the need for consent for the court to appoint an attorney/special master to preside over depositions and rule on objections. It also provides for the assessment of suit monies and allows for the filing of cross-exceptions.
Committee Note
2004 Amendment. In accordance with Chapter 2004-11, Laws of Florida, all references to special master were changed to special magistrate.
RULE 12.610. INJUNCTIONS FOR DOMESTIC, REPEAT, AND DATING, AND SEXUAL VIOLENCE
(a) Application. This rule shall apply only to temporary and permanent injunctions for protection against domestic violence and temporary and permanent injunctions for protection against repeat violence, er-dating violence, or sexual violence. All other injunctive relief sought in cases to which the Family Law Rules apply shall be governed by Florida Rule of Civil Procedure 1.610.
(b) Petitions.
(1) Requirements for Use.
(A) Domestic Violence. Any person may file a petition for an injunction for protection against domestic violence as provided by law.
(B) Repeat Violence. Any person may file a petition for an injunction for protection against repeat violence as provided by law.
(C) Dating Violence. Any person may file a petition for an injunction for protection against dating violence as provided by law.
(D) Sexual Violence. Any person may file a petition for an injunction for protection against sexual violence as provided by law.
(2) Service of Petitions.
(A) Domestic Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against domestic violence, financial affidavit (if support is sought), Uniform Child Custody Jurisdiction and Enforcement Act affidavit (if custody is sought), temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(B) Repeat Violence-and, Dating Violence, and Sexual Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against repeat violence or, dating violence, or sexual violence temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(C) Additional Documents. Service of pleadings in cases of domestic, repeat, or dating, or sexual violence other than petitions, supplemental petitions, and orders granting injunctions shall be governed by rule 12.080, except that service of a motion to modify or vacate an injunction should be by notice that is reasonably calculated to apprise the nonmoving party of the pen-dency of the proceedings.
*880 (3) Consideration by Court. Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic, repeat, er-dating, or sexual violence, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. Nothing herein affects a petitioners right to promptly amend any petition, or otherwise be heard in person on any petition consistent with these rules.
(4) Forms.
(A) Provision of Forms. The clerk of the court or family or domestic/re-peai/dating/sexual violence intake personnel shall provide simplified forms, including instructions for completion, for any person whose circumstances meet the requirements of this rule and shall assist the petitioner in obtaining an injunction for protection against domestic, repeat, er-dating, or sexual violence as provided by law.
(B) Confidential Filing of Address. A petitioner’s address may be furnished to the court in a confidential filing separate from a petition or other form if, for safety reasons, a petitioner believes that the address should be concealed. The ultimate determination of a need for confidentiality must be made by the court as provided in Florida Rule of Judicial Administration 2.051.
(c) Orders of Injunction.
(1) Consideration by Court.
(A) Temporary Injunction. For the injunction for protection to be issued ex parte, it must appear to the court that an immediate and present danger of domestic, repeat, or-dating, or sexual violence exists. In an ex parte hearing for the purpose of obtaining an ex parte temporary injunction, the court may limit the evidence to the verified pleadings or affidavits for a determination of whether there is an imminent danger that the petitioner will become a victim of domestic, repeat, er-dating, or sexual violence. If the respondent appears at the hearing or has received reasonable notice of the hearing, the court may hold a hearing on the petition. If a verified petition and affidavit are amended, the court shall consider the amendments as if originally filed.
(B) Final Judgment of Injunction for Protection Against Repeat, Dating, or Sexual Violence. A hearing shall be conducted.
(C) Final Judgment of Injunction for Protection Against Domestic Violence. The court shall conduct a hearing and make a finding of whether domestic violence occurred or whether imminent danger of domestic violence exists. If the court determines that an injunction will be issued, the court shall also rule on the following:
(i) whether the respondent may have any contact with the petitioner, and if so, under what conditions;
(ii) exclusive use of the parties shared residence;
(iii) temporary custody of minor children;
(iv) whether temporary visitation will occur and whether it will be supervised;
(v) whether temporary child support will be ordered;
(vi) whether temporary spousal support will be ordered; and
(vii) such other relief as the court deems necessary for the protection of the petitioner.
*881 The court, with the consent of the parties, may refer the parties to mediation by a certified family mediator to attempt to resolve the details as to the above rulings. This mediation shall be the only alternative dispute resolution process offered by the court. Any agreement reached by the parties through mediation shall be reviewed by the court and, if approved, incorporated into the final judgment. If no agreement is reached the matters referred shall be returned to the court for appropriate rulings. Regardless of whether all issues are resolved in mediation, an injunction for protection against domestic violence shall be entered or extended the same day as the hearing on the petition commences.
(2) Issuing of Injunction.
(A) Standarized Forms. The temporary and permanent injunction forms approved by the Florida Supreme Court for domestic, repeat, and — dating, and sexual violence injunctions shall be the forms used in the issuance of injunctions under chapters 741 and 784, Florida Statutes. Additional standard provisions, not inconsistent with the standarized portions of those forms, may be added to the special provisions section of the temporary and permanent injunction forms, or at the end of each section to which they apply, on the written approval of the chief judge of the circuit, and upon final review and written approval by the chief justice. Copies of such additional standard provisions, once approved by the chief justice, shall be sent to the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Steering Committee on Families and Children in the Court, and the chair of The Governor’s Task Force on Domestic and Sexual Violence.
(B) Bond. No bond shall be required by the court for the entry of an injunction for protection against domestic, repeat, or dating, or sexual violence. The clerk of the court shall provide the parties with sufficient certified copies of the order of injunction for service.
(3) Service of Injunctions.
(A) Temporary Injunction. A temporary injunction for protection against domestic, repeat, or-dating, or sexual violence must be personally served. When the respondent has been served previously with the temporary injunction and has failed to appear at the initial hearing on the temporary injunction, any subsequent pleadings seeking an extension of time may be served on the respondent by the clerk of the court by certified mail in lieu of personal service by a law enforcement officer. If the temporary injunction was issued after a hearing because the respondent was present at the hearing or had reasonable notice of the hearing, the injunction may be served in the manner provided for a permanent injunction.
(B) Permanent Injunction.
(i) Party Present at Hearing. The parties may acknowledge receipt of the permanent injunction for protection against domestic, repeat, or-dating, or sexual violence in writing on the face of the original order. If a party is present at the hearing and that party fails or refuses to acknowledge the receipt of a certified copy of the injunction, the clerk shall cause the order to be served by mailing certified copies of the injunction to the parties who were present at hearing at the last known address of each party. Service by mail is complete upon mailing. When an order is served pursuant to this subdivision, the clerk shall prepare a written certification to be placed in the court file specifying the time, date, and method of service and within 24 hours shall forward a copy of the injunction and the clerk’s affidavit of service to the sheriff with jurisdiction over *882 the residence of the petitioner. This procedure applies to service of orders to modify or vacate injunctions for protection against domestic, repeat, or-dating, or sexual violence.
(ii) Party not Present at Hearing. Within 24 hours after the court issues, continues, modifies, or vacates an injunction for protection against domestic, repeat, or — dating, or sexual violence, the clerk shall forward a copy of the injunction to the sheriff with jurisdiction over the residence of the petitioner for service.
(4) Duration.
(A) Temporary Injunction. Any temporary injunction shall be effective for a fixed, period not to exceed 15 days. A full hearing shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the temporary injunction and of the full hearing for good cause shown by any party, or upon its own motion for good cause, including failure to obtain service.
(B) Permanent Injunction. Any relief granted by an injunction for protection against domestic, repeat, er-dating, or sexual violence shall be granted for a fixed period or until further order of court. Such relief may be granted in addition to other civil and criminal remedies. Upon petition of the victim, the court may extend the injunction for successive periods or until further order of court. Broad discretion resides with the court to grant an extension after considering the circumstances. No specific allegations are required.
(5) Enforcement. The court may enforce violations of an injunction for protection against domestic, repeat, or-dating, or sexual violence in civil contempt proceedings, which are governed by rule 12.570, or in criminal contempt proceedings, which are governed by Florida Rule of Criminal Procedure 3.840, or, if the violation meets the statutory criteria, it may be prosecuted as a crime under Florida Statutes.
(6) Motion to Modify or Vacate Injunction. The petitioner or respondent may move the court to modify or vacate an injunction at any time. Service of a motion to modify or vacate injunctions shall be governed by subdivision (b)(2) of this rule. However, for service of a motion to modify to be sufficient if a party is not represented by an attorney, service must be in accord with rule 12.070, or in the alternative, there must be filed in the record proof of receipt of this motion by the nonmoving party personally.
(7) Forms. The clerk of the court or family or domestic/repeat/dating/sexual violence intake personnel shall provide simplified forms including instructions for completion, for the persons whose circumstances meet the requirements of this rule and shall assist in the preparation of the affidavit in support of the violation of an order of injunction for protection against domestic, repeat, or-dating, or sexual violence.
Commentary
2003 Amendment. This rule was amended to emphasize the importance of judicial involvement in resolving injunction for protection against domestic violence cases and to establish protections if mediation is used. In performing case management, court staff may interview the parties separately to identify and clarify their positions. Court staff may present this information to the court along with a proposed order for the court’s consideration in the hearing required by subdivision (b). The first sentence of (c)(1)(C) contemplates that an injunction will not be entered unless there is a finding that domestic violence occurred or that there is imminent *883 danger of domestic violence. Subdivision (c)(1)(C) also enumerates certain rulings that a judge must make after deciding to issue an injunction and before referring parties to mediation. This is intended to ensure that issues involving safety are decided by the judge and not left to the parties to resolve. The list is not meant to be exhaustive, as indicated by subdivision (c)(l)(C)(vii), which provides for “other relief,” such as retrieval of personal property and referrals to batterers’ intervention programs. The prohibition against use of any “alternative dispute resolution” other than mediation is intended to preclude any court-based process that encourages or facilitates, through mediation or negotiation, agreement as to one or more issues, but does not preclude the parties through their attorneys from presenting agreements to the court. All agreements must be consistent with this rule regarding findings-. Prior to ordering the parties to mediate, the court should consider risk factors in the case and the suitability of the case for mediation. The court should not refer the case to mediation if there has been a high degree of past violence, a potential for future lethality exists, or there are other factors which would compromise the mediation process.
1995 Adoption. A cause of action for an injunction for protection against domestic violence and repeat violence has been created by section 741.30, Florida Statutes (Supp.1994) (modified by chapter 95-195, Laws of Florida), and section 784.046, Florida Statutes (Supp.1994), respectively. This rule implements those provisions and is intended to be consistent with the procedures set out in those provisions except as indicated in this commentary. To the extent a domestic or repeat violence matter becomes criminal or .is to be enforced by direct or indirect criminal contempt, the appropriate Florida Rules of Criminal Procedure will apply.
The facts and circumstances to be alleged under subdivision 12.610(b)(1)(A) include those set forth in Florida Supreme Court Approved Family Law Form 12.980(b). An injunction for protection against domestic dr repeat violence may be sought whether or not any other cause of action is currently pending between the parties. However, the pendency of any such cause of action must be alleged in the petition. The relief the court may grant in a temporary or permanent injunction against domestic violence is set forth in sections 74150(B)(6).
The facts and circumstances to be. alleged under subdivision (b)(1)(B) include those set forth in Florida Supreme Court Approved Family Law Form 12.980(g). The relief the court may grant in a temporary or permanent injunction against repeat violence is set forth in section 784.046(7), Florida Statutes.
Subdivision (b)(4) expands sections 741.30(2)(c)l- and (2)(e)2,- Florida Statutes, to provide that the responsibility to assist the petitioner may be assigned not only to the clerk of court but also to the appropriate intake unit of the court. Florida Supreme Court Approved Family Law Form 12.980(b) provides the form for a petition for injunction against domestic violence. If the custody of a child is at issue, a Uniform Child Custody Jurisdiction and Enforcement Act affidavit must be provided and completed in conformity with Florida Supreme Court Approved Family Law Form 12.902(d). If alimony or child support is sought a Financial Affidavit must be provided and completed in conformity with Florida Family Law Rules of Procedure Form 12.902(b) or 12.902(c).
Subdivision (c)(1)(A) expands chapter 95-195, Laws of Florida, and section 784.046(6)(b), Florida Statutes, to make *884 the limitation of evidence presented at an ex parte hearing permissive rather than mandatory given the due process concerns raised by the statutory restrictions on the taking of evidence.
Unlike traditional injunctions, under subdivision (c)(2), no bond will be required for the issuance of injunctions for protection against domestic or repeat violence. This provision is consistent with the statr utes except that, unlike the statutes, it does not set a precise number of copies to be provided for service.
Subdivision (c)(3)(A) makes the procedure for service of a temporary order of injunction for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(8)(a)l and (8)(c)l and 784.046(8)(a)l, Florida Statutes.
Subdivision (c)(3)(B) makes the procedure for service of a permanent order of injunction for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(8)(a)3 and (8)(c)l and 784.046(8)(c)l, Florida Statutes, and to specifically clarify that service of the permanent injunction by mail is only effective upon a party who is present at the hearing which resulted in the issuance of the injunction.
Subdivision (c)(4)(A) restates sections 741.30(5)(c) and 784.046(6).(c), Florida Statutes, with some expansion. This subdivision allows the court upon its own motion to extend the protection of the temporary injunction for protection against domestic or repeat violence for good cause shown, which shall include, but not be. limited to, failure to obtain service. This subdivision also makes the procedures in cases of domestic and repeat violence identical, resolving the inconsistencies in the statutes.
Subdivision (c)(4)(B) makes the procedures in cases of domestic and repeat violence identical, resolving inconsistencies in the statutes. As stated in section 741.30(l)(c), Florida Statutes, in the event a subsequent cause of action is filed under chapter 61, Florida Statutes, any orders entered therein shall take precedence over any inconsistent provisions of an injunction for protection against domestic violence which addresses matters governed by chapter 61, Florida Statutes.
Subdivision (c)(5) implements a number of statutes governing enforcement of injunctions against domestic or repeat violence. It is intended by these rules that procedures in cases of domestic and repeat violence be identical to resolve inconsistencies in the statutes. As such, the procedures set out in section 741.31(1), Florida Statutes, are to be followed for violations of injunctions for protection of both domestic and repeat violence. Pursuant to that statute, the petitioner may contact the clerk of the circuit court of the county in which the violation is alleged to have occurred to obtain information regarding enforcement.
Subdivision (c)(7) expands sections 741.30(2)(c)l and (2)(c)2, Florida Statutes, to provide that the responsibility to assist a petitioner may not only be assigned to the clerk of court but also to the appropriate intake unit of the court. This subdivision makes the procedures in cases of domestic and cases of repeat violence identical to resolve inconsistencies in the statutes.
Committee Note
1997 Amendment. This change mandates use of the injunction forms provided with these rules to give law enforcement a standardized fonp to assist in enforcement *885 of injunctions. In order to address local concerns, circuits may add special provisions not inconsistent with the mandatory portions.
RULE 12.740. FAMILY MEDIATION
(a) Applicability. This rule governs mediation of family matters and related issues.
(b) Referral. Except as provided by law and this rule, all contested family matters and issues may be referred to mediation. Every éffort shall be made to expedite mediation of family issues.
(c) Limitation on Referral to Mediation. Unless otherwise agreed by the parties, family matters and issues may be referred to a mediator or mediation program which charges a fee dnly after the court has determined that the parties have the financial ability to pay such a fee. This determination may be based upon the parties financial affidavits or other financial information available to the court. When the mediator is ■ ■ compensated — in whoie-e-r-part by the parties,' the presiding judge may determine the-reasonableness of the fees charged by the-mediator; — In the absence of a written agreement providing for the mediator’s compensation-, — the mediator shall be compensated-at — the hourly-rate set by the presiding judge in the-referral-order. When the mediator’s fee is not established under section 44.108, Florida Statutes, or when there is no written agreement providing for the mediator’s compensation, the mediator shall be compensated at an hourly rate set by the presiding judge in the referral order. The presiding judge may also determine the reasonableness of the fees charged' by the mediator. When appropriate, the court shall apportion mediation fees between the parties and shall state each party’s share in the order of referral. Parties may object to the rate of the mediator’s compensation within 15 days of the order of referral by serving an objection on all other parties and the mediator.
(d) Appearances. Unless otherwise stipulated by the parties, a party is deemed to appear at a family mediation convened pursuant to this rule if the named party is physically present at the mediation conference. In the discretion of the mediator and with the agreement of the parties, family mediation may proceed in the absence of counsel unless otherwise ordered by the court.
(e) Completion of Mediation. Mediation shall be completed within 75 days of the first mediation conference unless otherwise ordered by the court.
(f) Report on Mediation.
(1) If agreement is reached as to any matter or issue, including legal or factual issues to be determined by the court, the agreement shall be reduced to writing, signed by the parties and their counsel, if any and if present, and submitted to the court unless the parties agree otherwise. By stipulation of the parties, the agreement may be electronically or stenographi-eally recorded and made under oath or affirmed. In such event, the-an appropriately signed transcript may be filed with the court. If counsel for any party is not present when the agreement is reached, the mediator shall cause to be mailed a copy of the agreement to counsel within 5 days. Counsel shall have 10 days from service of a copy of the agreement to serve a written objection on the mediator, unrepresented parties, and counsel. Absent a timely written objection, the agreement is presumed to be approved by counsel and shall be filed with the court by the mediator.
(2) After the agreement is filed, the court shall take action as required by law. When court approval is not necessary, the *886 agreement shall become binding upon filing. When court approval is necessary, the agreement shall become binding upon approval. In either event, the agreement shall be made part of the final judgment or order in the case.
(3) If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation. With the consent of the parties, the mediator’s report may also identify any pending motions or outstanding legal issues, discovery process, or other action by any party which, if resolved or completed, would facilitate the possibility of a settlement.
Commentary
1995 Adoption. This rule is similar to former Florida Rule of Civil Procedure 1.740. All provisions concerning the compensation of the mediator have been incorporated into this rule so that all mediator compensation provisions are contained in one rule. Additionally, this rule clarifies language regarding the filing of transcripts, the mediator’s responsibility for mailing a copy of the agreement to counsel, and counsel’s filing of written objections to mediation agreements.
RULE 12.741. MEDIATION RULES
(a) Discovery. Unless stipulated by the parties or ordered by the court, the mediation process shall not suspend discovery.
(b) General Procedures.
(1) Interim or Emergency Relief. A party may apply to the court for interim or emergency relief at any time. Mediation shall continue while such a motion is pending absent a contrary order of the court, or a decision of the mediator to adjourn pending disposition of the motion. Time for completing mediation shall be tolled during any periods when mediation is interrupted pending resolution of such a motion.
(2) Sanctions for Failure to Appear. If a party fails to appear at a duly noticed mediation conference without good cause, or knowingly and willfully violates any confidentiality provision under section 44,405, Florida Statutes, the court upon motion shall impose sanctions, including an award of mediator and attorneys’ fees and other costs, against the party failing' to appear-.
(3) Adjournments. The mediator may adjourn the mediation conference at any time and may set times for reconvening the adjourned conference. No further notification is required for parties present at the adjourned conference.
(4) Counsel. Counsel shall be permitted to communicate privately with their clients. The mediator shall at all times be in control of the mediation and the procedures to be followed in the mediation.
(5) Communication with Parties. The mediator may meet and consult privately with any party or parties or their counsel.
(6) Appointment of the Mediator.
' (A) Within 10 days of the order of referral, the parties may agree upon a stipulation with the court designating:
(i) a certified mediator; or
(ii) a mediator who does not meet the certification requirements of these rules but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.
(B) If the parties cannot agree upon a mediator within 10' days of the order of referral, the plaintiff or petitioner shall so notify the court within 10 days of the expiration of the period to agree on a mediator, and the court shall appoint a *887 certified mediator selected by rotation or by such other procedures as may be adopted by administrative order of the chief judge in the circuit in which the action is pending.
(C) If a mediator agreed upon by the parties or appointed by a court cannot serve, a substitute mediator can be agreed upon or appointed in the same manner as the original mediator. A mediator shall not mediate a case assigned to another mediator without the agreement of the parties or approval of the court. A substitute mediator shall have the same qualifications as the original mediator.
Commentary
1995 Adoption. This rule combines and replaces Florida Rules of Civil Procedure 1.710, 1.720, and 1.730. The rule, as combined, is substantially similar to those three previous rules, with the following exceptions. This rule deletes subdivisions (a) and (b) of rule 1.710 and subdivisions (b) and (c) of rule 1.730. This rule compliments Florida Family Law Rule of Procedure 12.740 by providing direction regarding various procedures to be followed in family law mediation proceedings.
RULE 12.750. FAMILY SELF-HELP PROGRAMS
(a) Establishment of Programs. A chief judge, by administrative order, may establish a self-help program to facilitate access to family courts. The purpose of a self-help program is to assist self-represented litigants, within the bounds of this rule, to achieve fair and efficient resolution of their family law case. The purpose of a self-help program is not to provide legal advice to self-represented litigants. This rule applies only to programs established and operating under the auspices of the court pursuant to this rule.
(b) Definitions.
(1) “Family law case” means any case in the circuit that is assigned to the family law division.
(2) “Self-represented litigant” means any individual who seeks information to file, pursue, or respond to a family law case without the assistance of a lawyer authorized to practice before the court.
(3) “Self-help personnel” means lawyer and nonlawyer personnel in a self-help program.
(4) “Self-help program” means a program established and operating under the authority of this rule.
(5) “Approved form” means (A) Florida Family Law Rules of Procedure Forms or Florida Supreme Court Approved Family Law Forms or (B) forms that have been approved in writing by the chief judge of a circuit and that are not inconsistent with the Supreme Court approved forms, copies of which are to be sent to the chief justice, the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Family Law Section of The Florida Bar, and the chair of the Family Court' Steering Committee. Forms approved by a chief judge may be used unless specifically rejected by the Supreme Court.
(c)Services Provided. Self-help personnel may:
(1) encourage self-represented litigants to obtain legal advice;
(2) provide information about available pro bono legal services, low cost legal services, legal aid programs, and lawyer referral services;
(3) provide information about available approved forms, without providing advice or recommendation as to any specific course of action; v
(4) provide approved forms and approved instructions on how to complete the forms;
*888 (5) engage in limited oral communications to assist a person in the completion of blanks on approved forms;
(6) record information provided by a self-represented litigant on approved forms;
(7) provide, either orally or in writing, definitions of legal terminology from widely accepted legal dictionaries or other dictionaries without advising whether or not a particular definition is applicable to the self-represented litigant’s situation;
(8) provide, either orally or in writing, citations of statutes and rules, without advising whether or not a particular statute or rule is applicable to the self-represented litigant’s situation;
(9) provide docketed case information;
(10) provide general information about court process, practice, and procedure;
(11) provide information about mediation, required parenting courses, and courses for children of divorcing parents;
(12) provide, either orally or in writing, information from local rules or administrative orders;
(13) provide general information about local court operations;
(14) provide information about community services; and
(15) facilitate the setting of hearings.
(d) Limitations on Services. Self-help personnel shall not:
(1) provide legal advice or recommend a specific course of action for a self-represented litigant;
(2) provide interpretation of legal terminology, statutes, rules, orders, cases, or the constitution;
(3) provide information that must be kept confidential by statute, rule, or case law;
(4) deny a litigant’s access to the court;
(5) encourage or discourage litigation;
(6) record information on forms for a self-represented litigant, except as otherwise provided by this rule;
(7) engage in oral communications other than those reasonably necessary to elicit factual information to complete the blanks on forms except as otherwise authorized by this rule;
(8) perform legal research for litigants;
(9) represent litigants in court; and
(10) lead litigants to believe that they are representing them as lawyers in any capacity or induce the public to rely upon them for legal advice.
(e) Unauthorized Practice of Law. The services listed in subdivision (c), when performed by nonlawyer personnel in a self-help program, shall not be the unauthorized practice of law.
(f) No Confidentiality. Notwithstanding ethics rules that govern attorneys, certified legal interns, and other persons working under the supervision of an attorney, information given by a self-represented litigant to self-help personnel is not confidential or privileged.
(g) No Conflict. Notwithstanding ethics rules that govern attorneys, certified legal interns, and other persons working under the supervision of an attorney, there is no conflict of interest in providing services to both parties:
(h) Notice of Limitation of Services Provided. Before receiving the services of a self-help program, self-help personnel shall thoroughly explain the “Notice of Limitation of Services Provided” disclaimer below. Each self-represented litigant, after receiving an explanation of the dis *889 claimer, shall sign an acknowledgment that the disclaimer has been explained to the self-represented litigant and that the self-represented litigant understands the limitation of the services provided. The self-help personnel shall sign the acknowledgment certifying compliance with this requirement. The» original shall be filed by the self-help personnel in the court file and a copy shall be provided to the self-represented litigant.
NOTICE OF LIMITATION OF SERVICES PROVIDED
THE PERSONNEL IN THIS SELF-HELP PROGRAM ARE NOT ACTING AS YOUR LAWYER OR PRO: VIDING LEGAL ADVICE TO YOU. SELF-HELP PERSONNEL ARE NOT ACTING ON BEHALF OF THE COURT OR ANY JUDGE. THE PRESIDING JUDGE IN YOUR CASE MAY REQUIRE AMENDMENT OF A FORM OR SUBSTITUTION OF A DIFFERENT FORM. THE JUDGE IS NOT REQUIRED TO GRANT THE RELIEF REQUESTED IN A FORM. THE PERSONNEL IN THIS SELF-HELP PROGRAM CANNOT TELL YOU WHAT YOUR LEGAL RIGHTS OR REMEDIES ARE, REPRESENT YOU IN COURT, OR TELL YOU HOW TO TESTIFY IN COURT. SELF-HELP SERVICES ARE AVAILABLE TO ALL PERSONS WHO ARE OR WILL BE PARTIES TO A FAMILY CASE.
THE INFORMATION THAT YOU GIVE TO AND RECEIVE FROM SELF-HELP PERSONNEL IS NOT CONFIDENTIAL AND MAY BE SUBJECT TO DISCLOSURE AT A LATER DATE. IF ANOTHER PERSON INVOLVED IN YOUR CASE SEEKS ASSISTANCE FROM THIS SELF-HELP PROGRAM, THAT PERSON WILL BE GIVEN THE SAME TYPE OF ASSISTANCE THAT YOU RECEIVE.
IN ALL CASES, IT IS BEST TO CONSULT WITH YOUR OWN ATTORNEY, ESPECIALLY IF YOUR CASE PRESENTS SIGNIFICANT ISSUES REGARDING CHILDREN, CHILD SUPPORT, ALIMONY, RETIREMENT OR PENSION BENEFITS, ASSETS, OR LIABILITIES. _ I CAN READ ENGLISH.
_ I CANNOT READ ENGLISH. THIS NOTICE WAS READ TO ME BY {NAME} _ IN {LANGUAGE}__
SIGNATURE
AVISO DE LIMITACION DE SERVICIOS OFRECIDOS
EL PERSONAL DE ESTE PROGRA-MA DE AYUDA PROPIA NO ESTA ACTUANDO COMO SU ABOGADO NI LE ESTA DANDO CONSEJOS LEGALES.
ESTE PERSONAL NO REPRESEN-TA NI LA CORTE NI NINGUN JUEZ. EL JUEZ ASIGNADO A SU CASO PUEDE REQUERIR UN CAMBIO DE ESTA FORMA O UNA FORMA DIFERENTE. EL JUEZ NO ESTA OBLIGADO A CONCEDER LA RE-PARACION QUE USTED PIDE EN ESTA FORMA.
EL PERSONAL DE ESTE PROGRA-MA DE AYUDA PROPIA NO LE PUEDE DECIR CUALES SON SUS DERECHOS NI SOLUCIONES LE-GALES, NO PUEDE REPRESEN- *890 TARLO EN CORTE, NI DECIRLE COMO TESTIFICAR EN CORTE. SERVICIOS DE AYUDA PROPIA ESTAN DISPONIBLES A TODAS LAS PERSONAS QUE SON O SER-AN PARTES DE UN CASO FAMILIAR.
LA INFORMACION QUE USTED DA Y RECIBE DE ESTE PERSONAL NO ES CONFIDENCIAL Y PUEDE SER DESCUBIERTA MAS ADE-LANTE. SI OTRA PERSONA EN-VUELTA EN SU CASO PIDE AYUDA DE ESTE PROGRAMA, ELLOS RE-CIBIRAN EL MISMO TIPO DE AS-ISTENCIA QUE USTED RECIBE.
EN TODOS LOS CASOS, ES MEJOR CONSULTAR CON SU PROPIO ABOGADO, ESPECIALMENTE SI SU CASO TRATA DE TEMAS RES-PECTO A NINOS, MANTENIMIEN-TO ECONOMICO DE NINOS, MANU-TENCION MATRIMONIAL, RETIRO O BENEFICIOS DE PENSION, AC-TIVOS U OBLIGACIONES.
_ YO PUEDO LEER ESPA-ÑOL.
_ YO NO PUEDO LEER ESPA-ÑOL. ESTE AVISO FUE LEIDO A MI POR {NOMBRE} _EN {IDIO-MA} _
FIRMA
If information is provided by telephone, the notice of limitation of services provided shall be heard by all callers prior to speaking to self-help staff.
(i)Exemption. Self-help personnel are not required to complete Florida Family Law Rules of Procedure Form 12.900(a), Disclosure From Nonlawyer, as required by rule 10-2.1, Rules Regulating The Florida Bar. The provisions in rule 10-2.1, Rules Regulating The Florida Bar, which require a nonlawyer to include the nonlaw-yer’s name and identifying information on a form if the nonlawyer assisted in the completion of a form, are not applicable to self-help personnel unless the self-help personnel recorded the information on the form as authorized by this rule.
(j) Availability of Services. Self-help programs are available to all self-represented litigants in family law cases.
(k) Cost of Services. Self-help programs, as authorized by statute, may require self-represented litigants to pay the cost of services provided for by this rule, provided that the charge for persons who are indigent is substantially reduced or waived.
(l) Records. All records made or received in connection with the official business of a self-help program are judicial records and access to such records shall be governed by Florida Rule of Judicial Administration 2.051.
(m) Domestic, Repeat, Dating, and Sexual Violence Exclusion. Nothing in this rule shall restrict services provided by the clerk of the court or family or domestic/repeat/dating/sexual violence intake personnel pursuant to rule 12.610.
Commentary
1998 Adoption. It should be emphasized that the personnel in the self-help programs should not be providing legal advice to self-represented litigants. Self-help personnel should not engage in any activities that constitute the practice of law or inadvertently create an attorney-client relationship. Self-help programs should consistently encourage self-represented litigants to seek legal advice from a licensed attorney. The provisions of this rule only apply to programs established by the chief judge.
*891 Subdivision (b). This rule applies only to assistance offered in family law cases. The types of family law cases included in a family law division may vary based on local rule and it is anticipated that a local rule establishing a self-help program may also exclude types of family law cases from the self-help program. Programs may operate with lawyer personnel, nonlawyer personnel, or a combination thereof.
Subdivision (c)(2). The self-help program is encouraged to cooperate with the local bar to develop a workable system to provide this information. The program may maintain information about members of The Florida Bar who are willing to provide services to self-represented litigants. The program may not show preference for a particular service, program, or attorney.
Subdivision (c)(3). In order to avoid the practice of law, the self-help personnel should not recommend a specific course of action.
Subdivision (c)(5). Self-help personnel should not suggest the specific information to be included in the blanks on the forms. Oral communications between the self-help personnel and the self-represented litigant should be focused on the type of information the form is designed to elicit.
Subdivision (c)(8). Self-help personnel should be familiar with the court rules and the most commonly used statutory provisions. Requests for information beyond these commonly used statutory provisions would require legal research, which is prohibited by subdivision (d)(8).
Subdivision (c)(9). Self-help personnel can have access to the court’s docket and can provide information from the docket to the self-represented litigant.
Subdivision (f). Because an attorney-client relationship is not formed, the information provided by a self-represented litigant is not confidential or privileged.
Subdivision (g). Because an attorney-client relationship is not formed, there is no conflict in providing the limited services authorized under this rule to both parties.
Subdivision (h). It is intended that self-represented litigants who receive services from a self-help program understand that they are not receiving legal services. One purpose of the disclosure is to prevent an attorney-client relationship from being formed. In addition to the signed disclosure, it is recommended that each program post the disclosure in a prominent place in the self-help program. The written disclosure should be available and posted in the languages that are in prevalent use in the county.
Subdivision (i). This provision is to clarify that nonlawyer personnel are not required to use Florida Family Law Rules of Procedure Form 12.900(a) because the information is included in the disclosure required by this rule. Self-help personnel are required to include their name and identifying information on any form on which they record information for a self-represented litigant.

. This Court has already amended the Florida Supreme Court Approved Family Law Forms to incorporate the aforementioned causes of action. See Amendments to Florida Supreme Court Approved Family Law Forms—Sexual Violence Forms, 871 So.2d 113 (Fla.2004); Amendments to Florida Supreme Court Approved Family Law Forms — Domestic Violence, Repeat Violence and Dating Violence Forms, 849 So.2d 1003 (Fla.2003).